(No. 12665.—Reversed and remanded.)

THE KEYSTONE STEEL AND WIRE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(S. F. McGRATH, Admr. Defendant in Error.)

*Opinion filed October 27, 1919.*

1. WORKMEN'S COMPENSATION—*appointment of administrator by probate court cannot be attacked in compensation proceeding.* Under a proper state of facts the probate court has jurisdiction to appoint an administrator of a deceased employee on the application of a creditor, and the authority of the administrator to act cannot be questioned collaterally in a proceeding by the administrator under the Workmen's Compensation act.

2. SAME—*when the fact that beneficiaries are living is not sufficiently proved.* Where an administrator, who has been appointed on the application of a creditor and who does not represent the beneficiaries, makes application for compensation for the death of an employee, who had left his home in the old country and had no dependents here, the existence of the alleged beneficiaries is the foundation of the right of action, and any presumption that may arise from the fact that the deceased left his mother and wife living before he came to this country some years before the accident is not sufficient to prove that the beneficiaries are still living.

3. PRESUMPTIONS—*when a person is presumed to be dead.* If a person is absent from his usual place of abode and no intelligence has been received from him within seven years and no account can be given of him there is a rebuttable presumption that he is dead, but there is no presumption, either of law or fact, as to what time during the period of seven years the death occurred or that the person lived during any particular portion of the period.

4. SAME—*when a person is presumed to be living.* There is a presumption of fact, based on common experience, as to the continuance of life and which justifies a conclusion that a person is alive shortly after he has been proved to be living, but the presumption has greater or less force, according to the circumstances.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

GALLAGHER, KOHLSAAT & RINAKER, (THOMAS C. ANGERSTEIN, and O'HERN & O'HERN, of counsel,) for plaintiff in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Drajutin Stanovich, a Servian, who in this country was called Dan Stona and was an employee of the plaintiff in error, the Keystone Steel and Wire Company, was killed on August 19, 1915, by an accident arising out of and in the course of his employment. Sheldon F. McGrath, the defendant in error, was appointed administrator of his estate and made application to the Industrial Board for compensation. There was a hearing before an arbitrator, who made an award of $8.25 per week for a period of 416 weeks from the date of the accident. On a review by the Industrial Board and a hearing of further evidence the award was approved, and on a writ of *certiorari* from the circuit court of Peoria county the writ was quashed and the decision of the board confirmed, and the court certified that the cause was one proper to be reviewed by this court.

Dan Stona came from Servia in 1912, leaving his mother, Stanka Stanovich, and his wife, Rada Stanovich, at Mokrin, in that country. The administrator was appointed on the application of a creditor, to whom Stona was indebted to the amount of $30, and his appointment was without authority, request or knowledge on the part of the alleged beneficiaries. The administrator was not the public administrator and there was no property of the deceased, the only purpose of the appointment being the recovery of compensation. There was no evidence that either the mother or wife was living after November, 1912, and Servia was in a state of war and overrun by hostile armies.

The plaintiff in error objected to the letters of administration and to the authority of the administrator to act, and the objection was overruled. It was a collateral attack on the order of the probate court, which by statute has jurisdiction to appoint an administrator and under a proper state of facts may make an appointment on the application of a creditor. The probate court having jurisdiction the order of appointment was not void, whether erroneous or not, and could not be questioned collaterally in this proceeding.

The basis of the claim for compensation was that Dan Stona had a mother and wife living in Servia to whose support he had contributed within four years preceding the date of the accident, and proof of the existence of the alleged beneficiaries was the first essential to the recovery of compensation. The award of the arbitrator was filed on December 9, 1915, and the decision of the Industrial Board was made on November 1, 1916. The arbitrator and the Industrial Board based the finding of the existence of the beneficiaries on a supposed presumption of law that if the mother and wife were living in November, 1912, they were still living at the time of the hearing and decision. As a matter of public policy, in order that there may be a fixed rule regulating rights depending upon the death of a person, the law has established a rebuttable presumption that if a person is absent from his usual place of abode and no intelligence has been received from him within seven years and no account can be given of him, he is presumed to be dead. (*Johnson* v. *Johnson*, 114 Ill. 611; *Reedy* v. *Millizen*, 155 id. 636; *Policemen's Benevolent Ass'n* v. *Ryce*, 213 id. 9.) There is no presumption, either of law or fact, at what time during the period of seven years the death occurred or that the person lived during any particular portion of the period. There is a presumption of fact, based on common experience, as to the continuance of life, and having greater or less force according to varying circumstances, which justifies a conclusion of fact that a person

is alive shortly after he has been proved to be living. The existence of the alleged beneficiaries lying at the very foundation of the right to compensation, it should not rest only on a mere presumption advanced by one who does not represent them and has heard nothing from them but only knows that they were living some years before the accident. There was a witness who testified to the handwriting of a letter to Dan Stona from his wife, but it was without date, and the witness said that the envelope, which was not produced and perhaps would have shown when it was written, was in the possession of the attorney of the administrator. The fact that the beneficiaries were still living was not sufficiently proved.

It was necessary to prove that Dan Stona had contributed to the support of his mother and wife within four years before the accident. The evidence was that the mother and wife were living, at last accounts, at Mokrin, Servia, with two unmarried brothers of Stona. A witness testified that the mother told him in November, 1912, that she had received $100 from Stona, but he did not see the post-office order or money order, and that testimony was stricken out, but the board apparently considered the testimony of a witness who said that Stona told him he had sent $50 to 'the old country through the mail from the Peoria post-office, which was equally objectionable. That witness also said that in October, 1913, he went with Stona to the post-office at Keokuk, Iowa, and loaned him $50, and Stona had $110 and got a post-office money order with the money and posted a letter enclosing the order to his mother directly to Neyotin, Mokrin, Servia. It was certified by the third assistant postmaster general that no foreign money order was issued from the post-office at Peoria or Keokuk to Dan Stona or Drajutin Stanovich from January 1, 1911, to August 31, 1915.

It is objected that the testimony of the witness that Stona procured a money order at the Keokuk post-office

was not the best evidence, but inasmuch as the judgment must be reversed for the reason already given and the board may be called upon to consider further evidence concerning contributions to support, the question of the sufficiency of the proof on that subject will not now be considered.

The judgment of the circuit court is reversed and the cause is remanded to that court, with directions to remand the application to the Industrial Commission for any further proof that may be offered.

*Reversed and remanded, with directions.*