SMITH, Appellant, vs. SCHEIDEGGER BROTHERS and others, Respondents.

*October 9—November 4, 1919.*

*Workmen's compensation: Determination of fact by industrial commission: Employee and his wife not living together.*

1. Whether a claimant widow and a deceased employee were living together at the time of his injury, within the meaning of sub. 3 (a), sec. 2394—10, Stats., is a question of fact to be decided by the industrial commission.
2. Testimony tending strongly to show that there was "an actual separation in the nature of an estrangement" between the parties for more than a year and a half prior to the fatal accident, is sufficient to support the finding of the industrial commission that they were not living together at the time of the accident.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to set aside an award of the *Industrial Commission.* The plaintiff filed a claim before the *Commission,* as the widow of one Solomon Smith, against *Scheidegger Bros.,* a logging firm, on account of the death of said Smith as the result of injuries received by him while at work for

said firm in the woods as a lumberjack. The injury to Smith and his death as a result thereof were admitted, but it was claimed (1) that the plaintiff was not the wife of Smith because she had a previous husband still living from whom she had never been divorced, and (2) that the plaintiff was not living with Smith as required by sec. 2394—10, Stats., and hence was not dependent upon him for support. The *Commission* did not decide the first contention, but held against the claimant on the second contention and dismissed the application.

The evidence showed that the plaintiff married one Munson nearly twenty years ago, by whom she had nine children, five or six of them being feeble-minded; that Munson left her in the spring of 1909 and never returned; that in May, 1912, she claimed to have read in a Rhinelander newspaper that Munson had died in Dakota; that nothing further was heard from Munson, and that in May, 1912, the plaintiff and Smith were in form married and lived together on a farm belonging to Smith until April, 1916, when he went away from her. Regarding this parting the plaintiff testified: "Smith did not like my children and said he wouldn't take care of them, so he went away in April, 1916, and returned at Thanksgiving time, 1916." He stayed but three days at Thanksgiving time and then went back to the woods to work and never returned. His injury was received November 24, 1917, and his death occurred January 20, 1918. The plaintiff did not see her husband after November, 1916, until about a week before his death, when, hearing that he was sick, she went to the hospital where he was lying and remained until his death. Shortly after Smith visited the plaintiff in November, 1916, she left the farm and went to a neighboring village, and worked in a hotel for a short time and later for a private family. The town helped to support her and her family in the summer of 1916. During the year and nine months of Smith's absence he contributed (according to the plaintiff's rather confused testimony) only $35

and some groceries at Thanksgiving time to her support. For eight or nine months prior to his death he contributed nothing, nor did he communicate with her or go to see her so far as the record shows, though he was working for a portion of the time near where she was living. The plaintiff claims that during the week before Smith's death, while he was lying ill in the hospital, they made plans to live together again in the spring. The trial court affirmed the order of the *Commission.*

For the appellant the cause was submitted on the brief of *A. J. O'Melia* of Rhinelander.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the respondents *Employers Mutual Liability Insurance Company* and *Scheidegger Brothers* a brief was filed by *Brown, Pradt & Genrich* of Wausau.

WINSLOW, C. J.   It is plain that the judgment was right. It was a question of fact to be decided by the *Commission* whether the claimant and the deceased were living together within the meaning of the law. *Northwestern Iron Co. v. Industrial Comm.* 154 Wis. 97, 142 N. W. 271. In the present case there was ample testimony tending strongly to show that there was "an actual separation in the nature of an estrangement" for more than a year and a half prior to the accident. This was sufficient to support the finding that the parties were not living together. *Northwestern Iron Co. v. Industrial Comm., supra.*

*By the Court.*—Judgment affirmed.