(No. 12868.—Reversed and remanded.)

THE NATIONAL ZINC COMPANY, Defendant in Error, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(FRANK L. TRUT-
TER, Admr. Plaintiff in Error.)

*Opinion filed April 21, 1920.*

1. WORKMEN'S COMPENSATION—*who may file petition in case of
death.* Either an administrator, a beneficiary or an employer may
file a petition for the adjustment of a claim for compensation in
case of the accidental death of an employee, and if an award is
made to an administrator the compensation is to be distributed pur-
suant to an order of the court appointing him.

2. SAME—*existence of a beneficiary is sole basis for compensa-
tion in case of death—burden of proof.* The existence of a bene-
ficiary at the time of the hearing furnishes the sole basis of a claim
for compensation for the accidental death of an employee, and an
award can be made only upon affirmative proof of that fact, which
must be made by the party filing the petition for the adjustment
of claim.

3. SAME—*when the existence of beneficiaries is not sufficiently
proved.* The existence of beneficiaries is not sufficiently proved to
justify an award to an administrator where such proof depends
merely on the presumption of the continued existence of the bene-
ficiaries, who were the parents of the deceased employee, and who
were known, two years before the award, to be living in a foreign
country which was subsequently over-run by hostile armies but
have not been seen or heard from since that time.

4. SAME—*when procedure is governed by an act as amended.*
Where a petition for adjustment of a claim is filed after an amend-
ment to the Compensation act has taken effect the procedure is
governed by the act as amended.

5. SAME—*when circuit court should remand cause for further
hearing.* Under section 19f of the Compensation act, as amended
in 1915, the circuit court should remand the cause for a further
hearing where it finds that there has been an insufficiency of proof
as to the existence of alleged beneficiaries.

6. EVIDENCE—*presumptions are either conclusive or rebuttable.*
Presumptions are either of law or fact and either conclusive or
rebuttable.

7. SAME—*when a person is presumed to be dead.* If a person
is absent from his usual place of abode and no word has been re-
ceived from him within seven years and no account can be given

of him, these facts, on grounds of public policy, raise a rebuttable presumption that he is dead, but there is no presumption of continuance of life during the seven years or at what time during that period the death occurred.

8. SAME—*presumption of continuance of life is of greater or less force, according to circumstances.* There is a general presumption of fact against a change under established and settled conditions, and where human life is once shown to exist it will be presumed to continue under the same conditions for a reasonable time, but the presumption is based on common experience as to the continuance of life, and is of greater or less force, according to the circumstances.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

WILLIAM J. LAWLER, and ISIDOR YACKTIS, for plaintiff in error.

PATTON & PATTON, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Frank L. Trutter, administrator of the estate of Frank Gricis, deceased, applied to the Industrial Commission for compensation for the death of his intestate from an injury sustained in the service of the National Zinc Company. There was a hearing before an arbitrator, resulting in an award on August 7, 1917, and on a review by the Industrial Commission the award was confirmed on December 31, 1917. A writ of *certiorari* was sued out of the circuit court of Sangamon county, and the decision of the Industrial Commission was reversed and the award set aside by the court. A certificate was made that the cause was one proper to be reviewed by this court, and by virtue of that certificate the administrator sued out a writ of error.

It was agreed that Frank Gricis and the National Zinc Company were operating under the provisions of the Work-

men's Compensation act of 1913, and on February 19, 1915, Gricis received an injury arising out of and in the course of his employment, which resulted in his death.

The evidence was, in substance, as follows: Frank Gricis was unmarried and about twenty-two years old at the time of his death. He was a Lithuanian, born in Russian Poland, near Kovno, and lived there with his parents on a small farm worth from $300 to $400, until July 19, 1914, when he left for America, reaching Springfield, Illinois, in August and beginning work for the National Zinc Company. While he lived in Russian Poland he worked a part of the time for his father and a part of the time cultivating land for others, receiving a part of the produce for his pay. The produce thus earned was received by his father or himself, and was used, according to the custom of the country, for the support of his father and mother and their family. His father and mother and other members of his family survived him, and the award was based on a finding of that fact and that he had contributed to the support of his father and mother within four years prior to the date of his injury and death. The objections to an award of compensation were upon the grounds that the administrator was not a proper party to make a claim for compensation, and that the evidence did not show there were persons living at the time of the hearing who were beneficiaries under the Workmen's Compensation act.

Either an administrator, a beneficiary or an employer may file a petition for the adjustment of a claim for compensation. (*Hammond Co.* v. *Industrial Com.* 288 Ill. 262; *Mississippi River Power Co.* v. *Industrial Com.* 289 id. 353.) If an award is made to an administrator the compensation is to be distributed pursuant to an order of the court appointing him. In either case the existence of a beneficiary at the time of the hearing furnishes the sole basis of a claim for compensation, and an award can only be made upon affirmative proof of that fact. (*Keystone Steel and*

*Wire Co.* v. *Industrial Com.* 289 Ill. 587.)   The adminis-
trator having the burden of proving that there were bene-
ficiaries living at the time of the hearing, offered evidence
that when Frank Gricis left Russian Poland he left there
his father, Staponas Gricis, sixty years of age, his mother,
Agota Gricis, forty years of age, and brothers and sisters
constituting the family.  A Lithuanian who lived near Kovno
testified that he saw the father and mother and a minor sis-
ter on August 15, 1915, when he left that place and started
for America, coming by way of Russia, Siberia and China.
He did not see the brothers, who had gone to the army,
and he testified that the Germans came and took the coun-
try the last day he was there, but as he did not see the
Germans that statement was stricken out by the arbitrator.
However, it is a matter of universal knowledge that Rus-
sian Poland was overrun by the German armies with all the
attendant consequences, and testimony of that fact was not
required.  There was no further evidence tending to show
whether the father or mother was alive or dead after the
German invasion on August 15, 1915, and the fact that
they were living at that time is relied upon solely as evi-
dence that they were living on October 24, 1917, at the
time of the hearing before the commission.

As the application for compensation may be made either
by a beneficiary or an administrator, the requirement of
proof must necessarily be the same, and no advantage can
be gained with respect to the existence of a beneficiary by
an application of an administrator.  In this case the appli-
cation was made by the administrator on October 6, 1916,
and he did not claim to have heard from the father or
mother or to represent them in any way or to know any-
thing about them, except that they were living on August
15, 1915.  He depends only on the presumption of fact that
the father and mother were living at the time of the hearing.

Presumptions are either of law or fact and either con-
clusive or rebuttable.  In *McCagg* v. *Heacock,* 34 Ill. 476,

it was said that legal presumptions are rules established by the common law or by statute, founded upon the first principles of justice or the laws of nature or the experienced course of human conduct and affairs and the connection usually found to exist between certain things; that where one fact is proved or ascertained, another which uniformly exists in connection with it is presumed without proof, and many of these presumptions are conclusive and all opposing evidence is forbidden. In *Sutphen* v. *Cushman,* 35 Ill. 186, it was said that presumptions of fact are conclusions drawn from particular circumstances and are such as are formed by experience, and either do not arise or are rebutted if they do not correspond with or are not adequate to the circumstances actually proved, or, if other circumstances are proved which are inconsistent with the hypothesis, the presumption is at once rebutted. If a person is absent from his usual place of abode and no word has been received from him within seven years and no account can be given of him, these facts, on grounds of public policy, raise a rebuttable presumption that he is dead, but there is no presumption of continuance of life during the seven years or at what time during the period the death occurred. There is a general presumption of fact against a change under established and settled conditions, and where human life is once shown to exist, it will, as a matter of fact, be presumed to continue under the same conditions for a reasonable time. The presumption is based on common experience as to the continuance of life, and is of greater or less force, according to the circumstances. In *Chicago and Alton Railroad Co.* v. *Keegan,* 185 Ill. 70, it was presumed, as an inference of fact, that a man who was living on April 3, 1860, was living on June 15, 1865, and it was held that such a presumption would be warranted unless the contrary was proved or was to be inferred from the nature and circumstances of the case. In *Donovan* v.

*Major,* 253 Ill. 179, it was considered that all the circumstances were to be taken into account in determining the existence and force of the presumption.

When the presumption of death after seven years is applied, not only is there no presumption when the death occurred during that period, but the application of an alleged rule that continuance of life is presumed until overcome by presumption of death would be most unreasonable in a case like this, where the right to any compensation depends upon continued existence.   By such a rule an application by an administrator for compensation to a person not heard from for any period within the seven years, and of whom no account could be given, would be sustained on the basis of presumption.   It is true that the fact of a country being overrun with hostile armies, devastated and robbed of the means of subsistence does not prove the death of any particular individual, but it does very materially affect the chances of existence of all the individuals.   So far as there is any presumption of the continuance of life it is subject to be controlled by facts and circumstances and can only be said to exist with any particular force where conditions are not changed.   The burden of proving that Staponas Gricis and Agota Gricis were still living at the time of the hearing rested upon the administrator and not on the employer, and this court has considered that there ought to be satisfactory evidence in such a case of the existence of beneficiaries, which lies at the foundation of any claim for compensation.   (*Keystone Steel and Wire Co.* v. *Industrial Com. supra.*)   It would hardly be regarded as sufficient if someone applied, in the names of the father and mother, for compensation and could only show that they were living more than two years before the hearing, and the same rule must be applied to the administrator.   If the commission is to act on a presumption of continued life until overcome by a presumption of death, six years would sustain

the presumption as well as two, and an age of ninety years of a beneficiary as well as sixty. It is a fair rule for all parties that the existence of a beneficiary, should be proved, rather than that an award should be made to an administrator without proof and later an inquiry whether there is anyone to whom payment can be made. The circuit court was right in the conclusion that the existence of the alleged beneficiaries was not sufficiently proved to justify an award.

Upon the decision being made by the court the administrator moved to amend the proceedings by substituting Staponas Gricis and Agota Gricis as applicants for compensation and to remand the cause to the Industrial Commission for a further hearing. The court denied the motion on the ground that Staponas Gricis and Agota Gricis were not present in court in person or by an authorized attorney or within the jurisdiction of the court and that there was no evidence that they were still living. The petition for the adjustment of the claim was filed after the amendment of 1915, and the procedure was therefore governed by that act. (*Suburban Ice Co.* v. *Industrial Board,* 274 Ill. 630.) Section 19*f* provided that the court might remand the cause to the Industrial Board for further proceedings and might state the questions requiring further hearing. There being merely an insufficiency of proof as to the existence of the alleged beneficiaries, the application should have been remanded to the Industrial Commission for the purpose of permitting further proof as to that fact.

Accordingly the judgment of the circuit court is reversed and the cause remanded, with directions to remand the cause to the Industrial Commission.

*Reversed and remanded, with directions.*