MILWAUKEE WESTERN FUEL COMPANY, Respondent, vs.
    INDUSTRIAL COMMISSION OF WISCONSIN and others,
    Appellants.

*October 13, 1922—January 9, 1923.*

*Workmen's compensation: Alien enemy dependents: Dependency
    of child under eighteen years: Presumption of continuance of
    life: Sufficiency: Appeal: Review of errors by respondent:
    When noticed.*

1. A notice given on September 12th that respondent will ask for
   a review of a ruling of the trial court under authority of sec.
   3049a, Stats., is served too late to entitle such matter to be
   heard where the cause was assigned for argument under
   Rules 28 and 29 of this court on August 8th, since that statute
   requires that such notice shall be given "before the case is set
   down for hearing in the supreme court."

2. In the absence of state or federal legislation to the contrary,
   the term "aliens" as used in the workmen's compensation act
   (sub. (4), sec. 2394—7, sub. 5, sec. 2394—10, and sec. 2394—
   17m, Stats.) must be construed to be generic and to include
   the specific, and an alien enemy dependent on a deceased
   employee is within the act.

3. Where the son of a deceased employee, under the age of
   eighteen years, living in a foreign country, received support
   from contributions of money sent by deceased, a' finding that
   the son was wholly dependent on deceased was justified under
   the conclusive presumption provided for by the workmen's
   compensation act (sub. 3, sec. 2394—10, Stats.).

4. The mere presumption of continuance of life is insufficient to
   justify a finding that such son was alive at the time of his
   father's death so as to entitle him to benefits under the work-

men's compensation act, especially when the presumption is weakened by the fact that he was in a region where actual hostilities occurred and was probably subject to military service, since the actual being alive of the son at the time of his father's death is an absolute condition precedent to liability.

APPEAL from a judgment of the circuit court for Dane county: CHESTER A. FOWLER, Judge. *Affirmed.*

On July 14, 1918, one Stojan Ziroz was accidentally killed while in the employ of the plaintiff respondent. He came to this country from Bosnia, Austria, in 1907, then a widower and not subsequently remarried. He left there a family of three boys and a girl, then in the care of a brother of deceased. All of such children with the possible exception of the youngest, *Lazo,* were over eighteen at the time of his death. One of the sons came to this country in June, 1913. The evidence discloses that from time to time the deceased sent money from this country to his brother to be used for the care of the children. The last date on which money appears to have been sent was April 2, 1916. It also appeared that from that time on there was considerable difficulty, owing to the conditions arising out of the war, in forwarding money from this country to Austria.

Hearing was had in December, 1918, and at that time an older brother testified that the youngest child of the deceased, *Lazo,* would be eighteen in May, 1919, that he was two years old when the mother died, who had been dead fifteen years. On October 7, 1919, the *Industrial Commission* made an award to be paid to the alien property custodian at Washington to be held by him and accounted for as provided by law, and also finding that *Lazo Ziroz* was a surviving son of the deceased and less than eighteen years of age at the time of the accident and death and at such time was living with the deceased and wholly dependent upon him for support and that no other person was so dependent upon such deceased.

An action was then brought in the circuit court for Dane county to review such award. A question as to the jurisdiction of the court to hear such matter was then presented for want of service upon *Lazo Ziroz* as an alleged adverse party. Upon appeal to this court and determined November 16, 1920 (172 Wis. 561, 179 N. W. 763), it was held that the alien property custodian was vested with title to the sum so awarded and an adverse party within the meaning of the statute and that service upon him was sufficient. Upon the return to the circuit court the plaintiff, on February 26, 1921, moved to amend its complaint to add two new causes of action based in part upon an affidavit reciting that the son of deceased who had testified before the *Commission* as to the age of *Lazo* had sometime in December, 1920, shown to plaintiff's counsel what purported to be a duly certified copy of the birth certificate of the said *Lazo* apparently showing his birth date to be September 2, 1890, thereby making it appear that at the time of the date of the father's death the said *Lazo* was over eighteen years of age instead of under that age as found by the *Industrial Commission*.

Upon the hearing in the court below it was determined:

First, that an alien enemy defendant is within the purview of the compensation act.

Second, that the finding of the *Industrial Commission* that the beneficiary, *Lazo*, was living at the time of the death of the deceased was sustained.

Third, that the finding that said *Lazo* was under the age of eighteen at the time of the death should also be sustained.

Fourth, that the finding of the *Commission* that such beneficiary was at the time of the death living with the deceased and solely and wholly dependent upon him for support had no substantial basis under the evidence and should therefore be set aside.

And also that the *Industrial Commission* was by reason of such unsupported finding without jurisdiction and in

excess of its powers in making the award; that the award should be set aside and the record transmitted to the *Commission* for determination of the fact respecting total dependency, and inasmuch as a rehearing must be had, that the *Commission* should also again receive evidence as to the age of the beneficiary and determine that anew.

The plaintiff filed exceptions to such findings of the circuit court so far as the same found that an alien enemy is within the purview of the compensation act; that the beneficiary, *Lazo*, was living at the time of the death of the deceased; and that said *Lazo* was under the age of eighteen at the time of the death. The *Industrial Commission* and the alien property custodian also severally excepted to the findings upon which the trial court set aside the award and returned the record. From such judgment of the circuit court entered January 3, 1922, the defendant *Industrial Commission* and the defendant *Francis P. Garvin*, alien property custodian, appealed to this court in January, and return to this court was made in April, 1922.

In July plaintiff's counsel were notified by the assistant attorney general, representing the *Industrial Commission,* that this appeal would be placed for hearing on the assignment beginning September 12th. Subsequently, on August 8th, plaintiff's attorneys requested that an arrangement be made that the cause be placed on the second instead of the first assignment. At about the time of such correspondence the cause was, by the clerk of this court, set for hearing on the first assignment commencing September 12th and set for argument for September 15th. Thereupon by stipulation signed by the respective attorneys, dated August 10th, it was agreed that, subject to the consent of this court, the cause should be continued from the first to the second assignment for the then present August term, and such was done. On September 11th and 12th respectively copies of a notice on behalf of plaintiff and respondent were served

on the attorney for the alien property custodian and for the *Industrial Commission* that the respondent would ask for a review, reversal, and modification of the judgment of the trial court in so far as it was held that the alien enemy is within the purview of the Wisconsin compensation act and that the beneficiary, *Lazo,* was living at the time of the death of the deceased and that said *Lazo* was under the age of eighteen years at the time of the death of the deceased. To such application and motion by the respondent to review, the *Industrial Commission* objected.

For the appellant *Industrial Commission* there were briefs by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the appellant *Garvin,* alien property custodian, there was a brief signed by *William H. Timlin* of Milwaukee, and oral argument by *Mr. Timlin.*

For the respondent there was a brief by *Fawsett & Smart* of Milwaukee, and oral argument by *Edward M. Smart.*

The following opinion was filed November 8, 1922:

ESCHWEILER, J. Under the situation disclosed by the record and recited above, the motion by respondent plaintiff for a review of portions of the judgment to which it had filed exemptions was too late and cannot be considered.

The right to a review of portions of a judgment by a respondent is granted by the provisions of sec. 3049a, Stats., created by ch. 219, Laws 1915, the material portion whereof is as follows:

"In any case the respondent may have a review of the rulings of which he complains by serving upon the appellant *any time before the case is set down for hearing* in the supreme court a notice stating in what respect he asks for a review, reversal or modification of any part of the judgment or order appealed from."

Rule 28 of this court provides:

"The calendar causes *shall be assigned for argument* at such time and in such order as the court may direct."

Rule 29 provides:

"Not less than twenty causes shall be placed on each assignment, and the clerk shall as soon as practicable after an assignment shall have been made up, transmit a copy thereof to each attorney or firm of attorneys appearing therein."

Under the provisions of sec. 3049a, Stats., *supra,* a respondent to take advantage of the privilege thereby granted must serve notice of such proposed review before the cause in which such appeal has been taken has been regularly assigned for argument, under the rules and direction of this court. In the instant case this cause was so set down for hearing on or before August 8, 1922, when the list of causes for the September assignment was made up and long prior to the giving of respondent's notice. The notice, therefore, was served too late to entitle the respondent to be heard as a matter of right on the points it sought to have reviewed. Nevertheless, in view of the public nature of the question and the evident possibility of its again arising in matters before the *Industrial Commission,* we deem it proper to express our present view that the workmen's compensation act, as was held by the court below on the several hearings, does cover and include alien enemies. That when such an act expressly refers to and includes aliens, such term, in the absence of legislation, state or federal, to the contrary, must be construed to be generic and to include the specific. By sec. 2394—7, Stats., of this act the definition of "employee" expressly includes "aliens" (sub. 4). In defining dependents who may be awarded compensation it expressly provides (sub. 5, sec. 2394—10) that no non-resident alien shall be excluded. Provision is also made by sec. 2394—17m, added to the act by ch. 624 of the Laws of

1917, for payments for alien dependents through consular officers or their accredited representatives residing within this state, with no exceptions made as to any foreign countries.

Although this question was not presented on the former appeal of this case (172 Wis. 561, 179 N. W. 763), this court expressly recognized the title of the alien property custodian to the fund here in question and which title must necessarily come through the right of an alien enemy dependent. There was the same situation in the case of *Youghiogheny & Ohio C. Co. v. Lasevich,* 171 Wis. 347, 349, 176 N. W. 855. The present general view is one that recognizes the property right of an alien enemy but withholds the possession of the property subject to governmental control and disposition. *Breuer v. Beery* (Iowa) 189 N. W. 717; *Birge-Forbes Co. v. Heye,* 251 U. S. 317, 323, 40 Sup. Ct. 160; *Techt v. Hughes,* 229 N. Y. 222, 128 N. E. 185; *Taylor v. Albion L. Co.* 176 Cal. 347, 168 Pac. 348, L. R. A. 1918B, 185 and note on p. 189; *Kaiser Wilhelm II,* 246 Fed. 786, 159 C. C. A. 88, L. R. A. 1918C, 795.

On defendants' appeal they challenge the holding by the trial court that there was no substantial basis in the evidence for the findings by the *Commission* that the beneficiary was living with the deceased and solely and wholly dependent upon him for support. In so holding we think the trial court erred.

Sec. 2394—10, Stats., provides by sub. 3:

"The following shall be conclusively presumed to be solely and wholly dependent for support upon a deceased employee:

"(a). A wife upon a husband with whom she is living at the time of his death. . . .

"(c) A child or children under the age of eighteen years . . . upon the parent with whom he or they are living at the time of the death of such parent. . . ."

We see no grounds for distinction between the questions

of the living with and the dependency upon a deceased in the case of a child under eighteen and a widow. The statute gives them the same position on both such questions and the court must. Under the facts here presented as to the family relationship, separation, and contributions, were the claim being made by a widow of the deceased instead of a child an award to her would be clearly justified. *Belle City M. I. Co. v. Rowland,* 170 Wis. 293, 297, 174 N. W. 899. The same view should be taken as to a child, and the conclusion by the *Commission* on these questions has sufficient support in the evidence and must be upheld.

Under similar statutes the same result has been reached in other jurisdictions. *Cronin's Case,* 234 Mass. 5, 124 N. E. 669; *Gavaghan's Case,* 232 Mass. 212, 122 N. E. 298; *Holmberg's Case,* 231 Mass. 144, 120 N. E. 353 (and here the child was living in another state); *Johnson C. Co. v. McDonald,* 143 Tenn. 505, 226 S. W. 215, 218; *Pacific G. D. Co. v. Industrial Acc. Comm.* 184 Cal. 462, 194 Pac. 1, 13 A. L. R. 725; and see note *Ibid.* p. 702.

The *Commission* found, and the trial court upheld such finding, that the beneficiary on whose behalf the claim was made was alive at the time of the father's death in July, 1919. The older brother testified to having last seen this boy when he left Austria in 1913. Letters were received in evidence, without apparent objection, written subsequent to that date and evidently referring to *Lazo* as being alive. The conclusion that this boy was alive at the time of his father's death must be based, if to be supported at all, by resort to the well-recognized rule of evidence that, the fact being shown by proper evidence that a person was alive at a certain time in the past, a presumption then arises that in the usual course of events such person remains alive for a reasonable period of time thereafter or until the contrary is shown. Jones, Ev. (2d ed.) § 60. This is but a rule of evidence, by no means conclusive, and in this particular instance has its effect much weakened by the undisputed facts that this boy was within the age probably subject to

being compelled to serve in the army and was in a region where actual hostilities occurred. This rule has been applied in cases where the existence of the parties thereto is unquestioned, but where rights arise or liabilities are sustained on account of the alleged existence or death of some third person. We find no case in which such rule of evidence has been applied where a question is raised as to whether the party, on whose ostensible behalf a right is asserted, is in existence. The actual being alive of the son *Lazo* at the time of the death of the father was an absolute condition precedent to liability, and the fact of that existence being challenged an extremely unusual issue is presented and one which we deem it necessary should have a stronger foundation for a conclusion that he was so alive than the mere presumption as to continuance of life upon which it must have been based. Such view on a somewhat similar state of facts was reached in *Keystone S. & W. Co. v. Industrial Comm.* 289 Ill. 587, 124 N. E. 542; *National Zinc Co. v. Industrial Comm.* 292 Ill. 598, 127 N. E. 135.

It thus appearing that the essential finding as to the existence of a claimant at the time of the accident and death of the employee was based upon what we now hold to have been a mistaken view of the law, we reach the conclusion that the *Commission* exceeded its powers in making the award and that the judgment of the court below must be affirmed for this reason, rather than upon the grounds stated by the trial court.

Upon these proceedings being returned to the *Commission* further testimony may be taken on the questions as to whether *Lazo Ziroz* was in fact alive and, if alive, his age at the time of the death of Stojan Ziroz on July 14, 1918.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on January 9, 1923.