STOJIC, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Respondents.

*October 23—November 17, 1925.*

*Workmen's compensation: Dependency of wife: Presumption: Wife residing in foreign country: Failure of husband to contribute to her support: Question of fact: Findings of industrial commission: Weight on appeal.*

1. Evidence that the wife of a deceased employee was living in a foreign country at the time of an injury resulting in death is *held* to justify a finding of the industrial commission that claimant was not living with her husband at such time, the question being one not of law but of fact, the determination of which by the commission will not be disturbed if supported by any evidence. p. 230.
2. Whether a wife is living with her husband at the time of his injury depends on the nature and character of the absence and the intention of the parties; and in this case an inference

Stojic v. Industrial Comm. 188 Wis. 228.

of estrangement from an absence of ten years without any plans by the husband for bringing his wife to America was justified.    p. 231.

3. Where the husband contributed nothing to the support of his wife for four years prior to his death, there was no dependency as a matter of fact independent of the presumption raised by sec. 102.11, Stats., that she was so dependent upon him.    p. 231.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge.    *Affirmed.*

This action was brought to review an order of the *Industrial Commission.* It appears that Stojan Stojic, *alias* Sam Senich, was injured on December 17, 1918, while working as an employee of the *Wachsmuth Lumber Company* at Bayfield, Wisconsin, resulting in his death shortly thereafter. *Milka Stojic,* who lives in Croatia, claiming to be his widow, filed a claim for compensation with the *Industrial Commission.* Her deposition was taken, from which it appears that she and the deceased were married in 1903 at Cv. Ivan kod Susnjar; that in 1904 deceased came to this country, and claimant went to live at a community house with her husband's parents, and lived there until 1917. During that time she did work on the family field. Her husband sent her in the neighborhood of a thousand kronen each year until 1914, when his remittances ceased, and thereafter she did not hear from him until she was advised by mutual acquaintances returning from America of his death.

The *Industrial Commission* found that the applicant was on December 17, 1918, the wife of Stojan Stojic, but was not living with him at such time, and that during the year immediately preceding December 17, 1918, the said Stojan Stojic made no contribution towards the support of the applicant, and denied her compensation. From the judgment of the circuit court affirming said order the applicant brings this appeal.

For the appellant there was a brief by *Gilbert, Ela, Heilman & Raeder* of Madison and *Defrees, Buckingham & Eaton* of Chicago, and oral argument by *C. W. Raeder.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan* and *Mr. L. A. Pradt, Jr.,* of Wausau.

Owen, J.   It is the contention of the appellant that she was living with her deceased husband at the time of her death, and that by virtue of the provisions of sec. 102.11, Stats., it is conclusively presumed that she was totally dependent upon him at the time of his death.   This court has decided a number of times that the question of whether the wife is living with her husband under circumstances such as are here presented is a question of fact.   *Northwestern I. Co. v. Industrial Comm.* 154 Wis. 97, 142 N. W. 271; *Smith v. Scheidegger Bros.* 170 Wis. 162, 174 N. W. 462; *Belle City M. I. Co. v. Rowland,* 170 Wis. 293, 174 N. W. 899; *Milwaukee Western F. Co. v. Industrial Comm.* 179 Wis. 223, 190 N. W. 439.   Appellant claims that this is an erroneous holding, and that by the application of the tests suggested in *Weyauwega v. Industrial Comm.* 180 Wis. 168, 192 N. W. 452, as to whether a conclusion is a finding of fact or a conclusion of law, the determination of the question whether the wife is living with her husband under such circumstances is a question of law, and we are asked to review the cases above cited and to now hold that such a question is a question of law.   We are quite satisfied that the question is one of fact and not of law.   It is well settled by the decisions of this court that where there is any evidence to support a finding of fact made by the *Industrial Commission* it will not be disturbed.   We think there is abundant room for different inferences to be drawn from the evidence in this case as to whether the claimant was living with her husband at the time of his death, and that the finding of the *Commission* upon this question finds ample support in the evidence.   According to her own testimony he was in this country ten years prior to the date of the war, during which time, although he sent her money

from time to time, it does not appear that any plans or arrangements were in contemplation between the parties either for her coming to this country to live with him or of his returning to Croatia to live with her. Even though the absence of correspondence between the parties since 1914 be explained by reason of the World War and the postal regulations of that period, yet there is ample room to find that they were not living together at the outbreak of the war. As declared in *Northwestern I. Co. v. Industrial Comm.* 154 Wis. 97, 142 N. W. 271, the question does not turn on time or distance, but on the nature and character of the absence, and the intention of the parties with respect thereto is an important element in determining the nature of the absence. The question of the intent of the parties in this case was an inference to be drawn from the facts proved. The *Industrial Commission* evidently considered that an absence of ten years without any plans or apparent effort on the part of the husband to bring his wife to America indicated an estrangement. It cannot be said that such a conclusion was not a justifiable inference to be drawn from the facts proved, and the finding of the *Industrial Commission* cannot be disturbed.

Appellant also argues that the evidence shows actual dependency; that as a matter of fact she was totally dependent upon the deceased for her support. But the evidence shows that he contributed nothing to her support for four years prior to his death, and in the face of such circumstances it is rather difficult to conclude that there was dependency as a matter of fact independently of the presumption raised by the statute that she was totally dependent upon him for support. Whether she was partially dependent upon him for her support need not be considered, for the reason that it affirmatively appears that he contributed nothing to her support for four years prior to his death, so there is no basis for compensation.

*By the Court.*—Judgment affirmed.