OLSON-WALKER COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, imp., Respondents.

*March 9—April 5, 1932.*

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe* and *Joseph V. Quarles* of counsel, all of Milwaukee, and oral argument by *Mr. Doe.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*Linderman, Ramsdell & King* of Eau Claire, for the respondent Lundgren as general guardian.

FRITZ, J. Plaintiffs seek to have an award set aside which was made against them by the Industrial Commission under the workmen's compensation act. The award ordered the payment of death benefits to six children, under eighteen years of age, of Sam Lundgren, who died on November 19, 1930. Until June 1, 1930, the children lived with both of

their parents in a residence owned by their father. On May 12, 1930, he began an action for divorce, but no papers in that action were ever filed. On June 1, 1930, he left home and roomed in a hotel in the same city. However he gave $10 weekly to his wife for support of the children, and continued to do so until a week before he died. He permitted his children and wife to continue to live in his residence, and there he visited with the children while his wife was away at work. For some time she had been supporting herself by working out at $10 a week, and she continued to do so after the separation. On August 12, 1930, she also began an action for divorce, and in that connection she applied for an order for the temporary custody of the children, and for support money for them and for herself. In a counter-affidavit the father demanded the custody of the children. A court commissioner's order awarded the custody of the children *pendente lite* to the wife, and required the father to pay $10 a week for the support of the wife and children. The wife's action for divorce was not noticed for trial at the September 1930 term of the court as it might have been.

The Industrial Commission found that at the time of the father's injury and death the wife was not living with her husband, but that the children were living with him within the meaning of the compensation act; and that therefore they were wholly dependent on him and entitled to full death benefits by virtue of secs. 102.09 (3), 102.09 (3) (a), and 102.09 (4p), Stats. 1929. So far as here material to the matters in controversy, sec. 102.09 (3), provides:

"Where death proximately results from the injury and the deceased leaves a person or persons wholly dependent upon him for support, the death benefit shall be:

"(a) A sum equal to four times his average annual earnings, but which, when added to the disability indemnity paid and due at the time of death, shall not exceed the maximum

amount which might have accrued to him for permanent total disability if death had not ensued."

And sec. 102.09 (4p) provides:

"The following shall be conclusively presumed to be solely and wholly dependent for support upon a deceased employee:

". . . A child or children under the age of eighteen years . . . upon the parent with whom he or they are living at the time of the death of such parent, there being no surviving dependent parent. In case of divorce the charging of the full support and maintenance of a child upon one of the divorced parents shall be held to constitute a living with the parent so charged."

As it is not contended that Lundgren's wife was dependent upon him for support, the right of their children to death benefits if, within the contemplation of that statute, they were living with their father at the time of his death, is not affected by the condition, "there being no surviving dependent parent," which is stated in sec. 102.09 (4p).

Likewise the last sentence of sec. 102.09 (4p), Stats., viz., "In case of divorce the charging of the full support and maintenance of a child upon one of the divorced parents shall be held to constitute a living with the parent so charged," is inapplicable in view of the status of the divorce action up to the time of Lundgren's death. That statutory provision applies only when a divorce has been adjudged. During the pendency of the action for divorce and until a divorce has been judicially decreed, the status of neither parent is that of a "divorced" parent to whom that statutory provision could apply.

It follows that the provision that the children "shall be conclusively presumed to be solely and wholly dependent for support" applies if, under the facts and the law applicable thereto, they were living with their father at the time of his death. What constitutes "living together" where the facts are in dispute, or, if undisputed, where conflicting

inferences can be drawn from the evidence, is a question of fact for the commission. *Northwestern Iron Co. v. Industrial Comm.* 154 Wis. 97, 102, 142 N. W. 271; *Stojic v. Industrial Comm.* 188 Wis. 228, 230, 205 N. W. 795. As this court said in *Northwestern Iron Co. v. Industrial Comm., supra,* the question of living together "does not turn on time or distance, but upon the nature and character of the absence and the intention of the parties respecting it. Intent is an important element in determining the nature of absence."

In the case at bar it was within the province of the commission to find, under the evidence and the inferences of which it fairly admitted, that Lundgren, in separating from his wife after the commencement of the divorce action, did not intend to abandon his children; that he permitted them to continue to reside in the residence which he owned; that he continued to pay $10 weekly for their support; that he demanded their custody on the hearing before the court commissioner in relation to alimony and the custody of the children *pendente lite;* that there was no estrangement between him and them; and that his separation from them was but a temporary consequence of the estrangement between him and his wife. Those facts and inferences warranted the Industrial Commission's conclusion that it was Lundgren's intention that his children should continue to live with him.

On the question of whether there has been such living together as entitles surviving dependent children to compensation, it was held in *Milwaukee Western Fuel Co. v. Industrial Comm.* 179 Wis. 223, 190 N. W. 439, that children are in the same position as a widow under the statute. This court then said:

"We see no grounds for distinction between the questions of the living with and the dependency upon a deceased in the case of a child under eighteen and a widow. The stat-

ute gives them the same position on both such questions and the court must."

Consequently, what has been said by this court as to the meaning of the words "living with" or "living together," in relation to persons within the marital relation, is also applicable, by analogy, to persons within the parental relation.

In *Northwestern Iron Co. v. Industrial Comm., supra,* the husband had left his wife in Austro-Hungary when he came to this country, about three years before his injury and death. Occasionally he had sent some money to her, including $21 sent seventeen days before he was injured. In an action relating to an award for death benefits under the compensation act, this court said, regarding the words "living together:"

"It seems, therefore, quite obvious that the legislature intended by the use of the words to include all cases where there is no legal or actual severance of the marital relation, though there may be physical separation of the parties by time and distance. The 'living together' contemplated by the statute, we think, was intended to cover cases where no break in the marriage relation existed, and therefore physical dwelling together is not necessary in order to bring the parties within the words 'living together.' There must be a legal separation or an actual separation in the nature of an estrangement, else there is a 'living together' within the meaning of the statute. . . . Time and distance alone cannot sever such a relation without intent or purpose to do so."

To the same effect see *Belle City M. I. Co. v. Rowland,* 170 Wis. 293, 174 N. W. 899.

That rule was applied in *Milwaukee Western Fuel Co. v. Industrial Comm., supra,* in relation to a child whose father left him in Austria in 1907, when the father came to this country. He continued to live here until his injury and death in 1918. Until 1916, when the war rendered it dif-

ficult to transmit funds, he sent money from time to time to his brother for the care of his children in Austria. In sustaining an award made by the Industrial Commission this court said:

"Under the facts here presented as to the family relationship, separation, and contributions, were the claim being made by a widow of the deceased instead of a child an award to her would be clearly justified. *Belle City M. I. Co. v. Rowland,* 170 Wis. 293, 297, 174 N. W. 899. The same view should be taken as to a child, and the conclusion by the commission on these questions has sufficient support in the evidence and must be upheld. Under similar statutes the same result has been reached in other jurisdictions." (Citing cases.)

The decision in *Lloyd-McAlpine L. Co. v. Industrial Comm.* 188 Wis. 642, 206 N. W. 914, was not a departure from that rule. In that case the father failed to such an extent to avail himself of his opportunities to have custody of his children and to associate with them and contribute to their support that this court held that "the facts here do not compare with the situation shown in . . . *Milwaukee Western Fuel Co. v. Industrial Comm.," supra.*

It follows that under the facts and circumstances in the case at bar as found by the Industrial Commission, it was warranted in concluding that the conclusive presumption as to sole and entire dependency for support which sec. 102.09 (4p), Stats. 1929, prescribes, was applicable to the relationship, which existed at the time of his death, between Lundgren and his children. Consequently, it is immaterial in this action whether the amount contributed by Lundgren was sufficient to wholly support the children or was as much as his income would permit him to contribute for that purpose. It should also be noted that the amendment of sec. 102.09 (4p), Stats. 1929, by ch. 14, Laws of 1931, is not involved in the consideration and decision of this case.

*By the Court.*—Judgment affirmed.