By the Court.
Section 1465-82, General Code, a part of the Ohio Workmen’s Compensation Act, relates to the benefits payable to persons wholly or partially dependent upon a workman who dies within two years as a result of injury sustained in the course of his employment. The latter part of that section, as effective when Jacob Pivk died, provided:
“5. The following persons shall be presumed to be wholly dependent for the support upon a deceased employe :
“ (A) A wife upon a husband with whom she lives at the time of his death.
“ (B) A child or children under the age of sixteen years * * * upon the parent with whom he is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of his death.
“In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular ease existing at the time of the injury resulting in the death of such employe * *
Belatrix maintains that she and the two minor children, Mary and Jacob, alleged to have been less than sixteen years old when their father died, occupy a position as his total dependents beyond dispute, because of the presumption of total dependency in favor of a widow and minor children established by Section 1465-82, General Code, and are therefore owed the maximum award allowable under that section, as a matter of right.
This contention is fallacious and we cannot approve it. While it is true, as said in State, ex rel. Person, v. Industrial Commission, 126 Ohio St., 85, 89, 183 N. E., *212 920, that “under the Workmen’s Compensation Act, dependency is based upon the right to support, rather than upon the actual fact of support,” the degree of dependency is a question of fact to be determined by the Industrial Commission from the proof before it, and when it has assumed jurisdiction of a claim and has made a determination upon the evidence, such determination is final, unless a gross abuse of discretion is clearly indicated, or an unlawful procedure has been followed.
A widow and minor children within the purview of paragraphs (A) and (B), sub-division 5 (now sub-division 4), of Section 1465-82, General Code, are, of course, entitled to the presumption of total dependency, but it is only a presumption, subject to rebuttal in the same manner as any other presumption.
In the instant case, upon a consideration of the evidence, the respondent reached the conclusion that only relatrix and the minor child, Jacob, were dependent on the decedent for support at the time of his death, and that such dependency was partial. The pleadings herein divulge at least some of the factors taken into account. Among them may be mentioned decedent’s fifteen years ’ absence from his family, the amounts he sent them from time to time, the seven or eight years in which no contributions were made, and the successful efforts of relatrix and the children in providing for their own needs. Upon such a foundation, an assumption that the findings of respondent were arbitrary, capricious and without any basis, so as to constitute a gross abuse of discretion, would be unwarranted.
Relating to the question of dependency as it appears in this case, the query suggests itself as to whether relatrix and Jacob Pivk were living together at the time of his death so as to entitle her to the presumption of total dependency within the contemplation of Section 1465-82, General Code. While a physical living together is not necessary to constitute total de *213 pendency under our statute, the existence of such a situation between husband and wife should be reasonably plain before the. presumption of total dependency in favor of the latter may be rightly invoked. In pursuance of this thought; attention is directed to the following cases: State, ex rel. Poulos, v. Industrial Commission, 128 Ohio St., 430, 191 N. E., 481; Stojic v. Industrial Commission, 188 Wis., 228, 205 N. W., 795; Kalcic v. Newport Mining Co., 197 Mich., 364, 163 N. W., 962; Klautka v. Stanley Works; 100 Conn., 345, 123 A., 839.
It is held in the case of Olson-Walker Co. v. Industrial Commission, 207 Wis., 576, 579, 242 N. W., 350, 351, that “What constitutes ‘living together’ where the facts are in dispute, or, if undisputed, where conflicting inferences can be drawn from the evidence, is a question of fact for the commission.”
We find no substantial merit in the argument of relatrix as to the erroneous computation of decedent’s average weekly wage. As pointed out by respondent in its answer and brief, the total amount of compensation to which dependents are considered to be justly entitled is first agreed upon, which is then disbursed at intervals on the basis of two-thirds of the average weekly wage as determined by the Industrial Commission from the information before it. Any error in determining Jacob Pivk’s average weekly wage was not material. If fixed according to the contention of relatrix, the total amount of compensation would not be increased, but only the weekly installments to an inconsequential degree.
No time need be spent on the question of allowance of funeral expenses. Counsel for respondent asserted in his brief and repeated the statement in open court, that when proper funeral bills are presented to respondent it will pay them in a sum not exceeding that stipulated in the applicable statute.
We can discover nothing in this case to warrant the *214 issuance of the extraordinary writ of mandamus, and such writ is therefore denied.

Writ denied.

Weygandt, C. J., Stephenson,. Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.