Ruffin, C. J.
 

 To constitute the relator’s intestate Samuel’s next of kin, it is necessary that John should have survived his brother: as to which point, the only evidence is, that, at the time of Samuel’s death, seven years had not elapsed from John’s departure from this State, though that period has now elapsed, and had, when administration was granted to the relator. It is thence inferred, that John Spencer is now dead ; but that he was not dead at his brother’s death in 1846. The rule, as to the presumption of death, is, that it arises from the absence of the person from his domicil without being heard of for seven years. But it seems rather to be the current of the authorities, that the presumption is only, that the person is then dead, namely, at the end of seven years ; but that the presumption does not extend to the death having occurred at the end or any other particular time within that period, and leaves it to be judged of, as a question of fact, according to the circumstances, which may tend to satisfy the mind, that it was at an earlier or later day.
 
 Doe
 
 v.
 
 Nepeau,
 
 5 Barn. & Ad. 86. 1
 
 Greenleaf Ev sec.
 
 41. The authorities, however, are not uniform upon the point.
 
 Smith
 
 v.
 
 Knowlton,
 
 11 New Hamp. Rep. 191. However the rule may be on that subject, it is not necessary that the Court should take the trouble of investigating, because, at all events, the relator, as the repre
 
 *162
 
 sentative of the next of kin, cannot have an action on the administration bond. By the very act of bringing
 
 the
 
 suit the relator affirms, that the first administrator had not administered the estate. Therefore, the right to call him to account and to put the bond in suit is vested in the administrator
 
 de bonis non,
 
 as the Court has already held during this term, in
 
 The State, on the relation of Williams
 
 v.
 
 Britton's adm'r.,
 
 upon the authority of the previous case of
 
 The State
 
 v.
 
 Johnston,
 
 8 Ire. 381, 397.
 

 Per Curiam. Judgment affirmed.