## In re CHICAGO & N. W. RY CO.

### CARLSON v. THOMSON.

### No. 8280.

Circuit Court of Appeals, Seventh Circuit. Nov. 15, 1943.

Rehearing Denied Dec. 11, 1943.

Joseph Keig, of Chicago, Ill., and B. Jay Knight and Charles H. Davis, both of Rockford, Ill., for appellant.

Nelson Wilcox and Lowell Hastings, both of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Appellant, as administratrix of the estate of Charles A. Anderson, deceased, filed a claim for pension payments claimed to be due from the debtor, Chicago & North Western Railway Company. Anderson had been employed by the debtor for more than forty-five years, and on October 1, 1930, had been placed on a pension allowance to be paid until his death. The claim was referred to a special master for hearing and report. The master heard the evidence, concluded that Anderson, the pensioner, died by presumption of law on December 20, 1939, and recommended the allowance of the claim for $2,856. The District Court held that the burden of proof was on the appellant to show that Anderson was alive from December 21, 1932, to December 20, 1939, and disallowed the claim on the ground that appellant had failed to establish that Anderson was alive after December 21, 1932.

On December 18, 1932, Anderson, then seventy-two years of age, boarded a train at Chicago, with the intention of visiting a daughter in Los Angeles, California. He had papers identifying him and $15 in cash upon his person, was in good health, and not under any financial strain or difficulty. His physical condition was not different from that of men his age who have worked out of doors, except that he was hard of hearing and more or less melancholy because of the loss of his wife, although prior to his wife's death he had been cheerful and of a friendly nature. When Anderson boarded the Pullman car, the porter was asked by his daughter to look after him.

While en route, Anderson bothered no one, kept mostly to himself, but conversed at times with the porter. At several stations along the way Anderson, with his hat, overcoat and bag, left the train, stating that was his destination. On being told that he was in error, he re-entered the car without objection. When the train arrived at Yermo, California, on December 21, at about 2:30 P.M., Anderson alighted and started toward the engine, remarking "that it was a short cut." The porter got him back on the train, but just before the train pulled out of the station Anderson got off again, leaving his overcoat and bag on the train. When the porter discovered that Anderson was not on the train, he immediately notified the conductor, and at the next station a telegram was sent to the station agent at Yermo. At Yermo, Anderson spoke to one Knadler, debtor's car inspector, and to Coyle, the station agent. He then went to a butcher shop, but left before he was served. An intensive search was immediately made, extending from Los Angeles to Salt Lake City, but no one ever saw him or identified any remains which proved to be his, except that one Jack Davis said he met Charles Anderson on Christmas Day at Las Vegas, California. An investigation in the vicinity of Yermo, made in November, 1941, by the trustee of debtor, failed to disclose any trace of a body which might have been that of Anderson.

Yermo is a small desert town with a population of 400. Just north and northwest of the town are the Calico Mountains, ranging in height from 400 to 2500 feet, in which are a large number of canyons, numerous abandoned mines and mine pits, and in the vicinity are stretches of untraveled desert country. The foot hills of the mountains are within a mile of the railroad.

Of course, appellant's right to recover depends upon the continued existence of Anderson after December 21, 1932. From what we have said thus far, it is clear that appellant's claim is based upon the fact that Anderson lived and is presumed to have lived for seven years from December 21 or December 25, 1932, at which time he disappeared and has not been heard from since.

 When a thing is shown to exist, its continuance is presumed until the contrary is shown or a conflicting presumption arises, Reedy v. Millizen, 155 Ill. 636, 40 N.E. 1028, and the law presumes that a person shown to be alive at a given time remains alive until the contrary is proved or a different presumption arises, Eddy v. Eddy, 302 Ill. 446, 453, 134 N.E. 801. So, if a person is absent for seven years without his whereabouts being known and without having been heard from during that period, such disappearance, at the expiration of that time, creates a rebuttable presumption of death, establishing not only the fact of death, but also the time at which the person shall first be accounted dead, Donovan v. Major, 253 Ill. 179, 182, 97 N.E. 231, and in the absence of contravening facts, it will be presumed that life continued during the entire period. The effect of this presumption is to create the necessity for evidence to meet a prima facie case created under such presumption, Brown v. Brown, 329 Ill. 198, 202, 160 N.E. 149; that is to say, the presumption may be rebutted by proof of facts and circumstances inconsistent with and sufficient to overcome it, Johnson v. Johnson, 114 Ill. 611, 616, 3 N.E. 232, 55 Am.Rep. 883. And while it is true that the presumption of death has no evidentiary effect on the issue of whether Anderson was dead or alive at any particular time within the seven year period, still, the burden of proving that Anderson died at any particular time rested upon the appellee, who asserts that to be a fact, Whiting v. Nicholl, 46 Ill. 230, 241, 242, 92 Am.Dec. 248, but such proof cannot rest on conjecture, guess, or surmise, Westphal v. Kansas City Life Ins. Co., 7 Cir., 126 F.2d 76.

 There was no direct proof of Anderson's death, and appellant was entitled to the benefit of the presumption that Anderson continued to live up to and including December 20, 1939. Whiting v. Nicholl, 46 Ill. 230, 240, 92 Am.Dec. 248. The master gave appellant the benefit of this presumption and held that appellee had not sustained the burden of proving that Anderson had died on the date of his disappearance or at any time between the date of his disappearance and December 21, 1939. Donovan v. Major, 253 Ill. 179, 97 N.E. 231; Apitz v. Supreme Lodge, Knights of Honor, etc., 274 Ill. 196, 113 N.E. 63, L.R.A.1917A, 183; Shank v. Modern Woodmen, etc., 213 Ill.App. 506; Campbell v. Northwestern Mut. Life Ins. Co., 281 Ill. App. 158; Davis v. Metropolitan Life Ins. Co., 285 Ill.App. 398, 2 N.E.2d·141. Appellee, however, contends that there can be no presumption that Anderson continued to live for seven years or for any other period after December 21, 1932, and that the only

reasonable deduction that can be drawn is that he died shortly after his disappearance. He insists that the "contravening facts" here are ample to remove the presumption of life, and points to the fact that Anderson was seventy-two years of age and subject to certain infirmities; that he had in his possession papers from which he could be identified; that search was made for him without avail; that the region in and about Yermo was mountainous and the existence of canyons, abandoned mines and pits made it dangerous to life, and that desert country was nearby; that he had only $15; and that had he lived, he would surely have reached his objective or would have sent word to his daughter.

These facts the master considered, and concluded that they were not sufficient to overcome the presumption of the continuance of life so as to justify a finding that Anderson died at an earlier date than December 20, 1939. Rule 53(e) (2) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following § 723c, provides that "In an action * * * without a jury the court shall accept the master's findings of fact unless clearly erroneous." Consequently, we have only to determine whether appellee has demonstrated the lack of support for the master's findings so clearly that we may abandon his findings. On this record, we cannot say that the master's findings are clearly erroneous. In reaching this conclusion we have not overlooked the cases of Keystone Steel, etc., v. Industrial Commission, 289 Ill. 587, 124 N.E. 542, and National Zinc Co. v. Industrial Commission, 292 Ill. 598, 127 N.E. 135, cited by appellee. In those cases recovery was sought by an administrator under the provisions of the Illinois Workmen's Compensation Act, ch. 48, par. 138 et seq., Ill. Rev.Stat.1941. The court refused to extend the presumption of the continuance of life rule to the beneficiaries of deceased persons, who once lived in a foreign country overrun by hostile armies, and reversed the cases because it was of the opinion that the Act required not only the existence of beneficiaries, but proof that the deceased had contributed to their support. These decisions, moreover, must be read in the light of the more recent cases already cited, which continue to state the rule in the very language of the earliest cases on the subject.

We are advised by counsel for the parties that the District Court in ruling in favor of the appellee, did not deem it necessary to consider other exceptions to the master's report, and both counsel have requested, in the event that the order of the District Court is reversed, that the claim be remanded for disposition of the other exceptions.

The order disallowing the claim is set aside, and the cause is remanded for further proceedings in accordance with the views herein expressed.