**Henry G. LAHR, Administrator of the Estate of Peter Lahr, deceased, Plaintiff,**

**v.**

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**No. 70 C 1204.**

United States District Court,
N. D. Illinois, E. D.

May 13, 1971.

Donald M. Orstrom, Orstrom & Johnson, Glen Ellyn, Ill., for plaintiff.

U. S. Atty. William J. Bauer, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

Plaintiff in this cause seeks reversal of the decision of the hearing examiner for the Social Security Administration, affirmed by the Administrative Appeals Council on April 9, 1970. Plaintiff has been ordered to reimburse the Social Security Administration for the benefits paid to him, as conservator, on behalf of his father for the period of May, 1961 through August, 1963. Judicial review of final decisions of this agency is provided for in Section 205(g) of the Social Security Act; 42 U.S.C. Section 405 (g).

Peter Lahr had been collecting social security benefits on his own account since August, 1954. In April of 1961, he was adjudicated incompetent and plaintiff Henry Lahr, upon application, was appointed payee of these benefits to be used on his father Peter's behalf. Sometime prior to April, 1961, Peter had been placed in a nursing home. On May 30, 1961, he disappeared from the nursing home and has not been seen or heard from since. Thereafter, monthly benefits continued to be paid to Henry Lahr on his father's behalf, through August of 1963.

Monthly social security payments are authorized to continue only while the recipient is living and, with certain qualifications, any payments made after the month preceding Peter's death were improper and should accordingly be returned by plaintiff. 42 U.S.C. Section 402(a). The controversy revolves around determination of the date of death. The hearing examiner found the date of death to be May 30, 1961.

Cross motions for summary judgment have been filed and the court is asked, in substance, to reverse the agency's determination that Peter died on May 30, 1961.

■■ The decision of the Secretary may be overturned by a district court only if not based upon "substantial evidence." Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968). The factual findings are supported by substantial evidence if the record as a whole contains relevant evidence that a reasonable mind might accept as adequate to support the conclusion. Moon v. Celebrezze, 340 F.2d 926 (7th Cir. 1965). Plaintiff asks the court to consider as evidence in its favor a presumption of death at the end of seven years, as Peter Lahr was declared legally dead on May 30, 1968 in proceedings in the Circuit Court of Cook County, Illinois. This declaration is impor-

tant for the purpose of legally resolving certain of the decedent's affairs. However, it is not relevant in ascertaining the date of his death in this case. See Tobin v. United States Railroad Retirement Board, 286 F.2d 480 (6th Cir. 1961); Nigro v. Hobby, 120 F.Supp. 16 (D.C., 1954). I, therefore, examine the evidence without regard to a presumption of death on any given date.

■ There are no conclusive facts supporting the agency finding. The examiner stated that the circumstances indicate the "probability that Peter Lahr died on or shortly after May 30, 1961 (the date he disappeared from the nursing home) is infinitely greater than the probability that he survived for seven years." This opinion of the examiner relies on the decedent's expressed unhappiness at the nursing home, his failing mental condition and the proximity of the nursing home to Lake Michigan as circumstantial evidence of possible death by drowning (suicide). The examiner further reasoned that the earlier date of death is supported in that a man in his helpless condition would be unable to care for himself, ergo, could not have kept himself concealed for any appreciable length of time.

This court finds no reason to reverse the hearing examiner's decision. Where, as here, the determination is necessarily based upon scant evidence, and reasonable inferences therefrom, it must be deemed a sufficient basis under the substantial evidence rule. I find no warrant in these circumstances to substitute my judgment for that of the hearing examiner. See Gardner v. Wilcox, 370 F. 2d 492 (9th Cir. 1966).

Therefore, for the above reasons, the motion of defendant Richardson for summary judgment is granted, and the motion of plaintiff Lahr is hereby denied.