Calvin PACE, Plaintiff,

v.

**SECRETARY OF HEALTH, EDUCATION, AND WELFARE,**
Defendant.

Civ. A. No. 68-C-335.

United States District Court,
E. D. Wisconsin.

Aug. 18, 1971.

Clarence R. Parrish, Milwaukee, Wis., for plaintiff.

David J. Cannon, U. S. Atty., by Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, District Judge.

This is an action pursuant to the Social Security Act, Title 42 U.S.C. § 405(g),[1] for a review of a final order of the Secretary of Health, Education, and Welfare to the effect that the plaintiff was entitled to old age insurance benefits under Title 42 U.S.C. § 402(a)[2] but that because of plaintiff's age those benefits were to be reduced in accordance with Title 42 U.S.C. § 402(q).[3] The plaintiff

1. 42 U.S.C. § 405(g)—"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Secretary or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Secretary, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations. The court shall, on motion of the Secretary made before he files his answer, remand the case to the Secretary for further action by the Secretary, and may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions. Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in such office."

2. 42 U.S.C. § 402(a)—"Every individual who—

    "(1) is a fully insured individual (as defined in section 414(a) of this title),
    "(2) has attained age 62, and
    "(3) has filed application for old-age insurance benefits or was entitled to disability insurance benefits for the month preceding the month in which he attained the age of 65,
shall be entitled to an old-age insurance benefit for each month, beginning with the first month after August 1950 in which such individual becomes so entitled to such insurance benefits and ending with the month preceding the month in which he dies. Except as provided in subsection (q) of this section, such individual's old-age insurance benefit for any month shall be equal to his primary insurance amount (as defined in section 415(a) of this title) for such month.

3. 42 U.S.C. § 402(q)—"(1) If the first month for which an individual is entitled to an old-age, wife's, husband's, widow's, or widower's insurance benefit is a month before the month in which such individual

Calvin Pace claims he was born on November 9, 1902, and that therefore § 402 (q) is not applicable. The Social Security Administration maintains that Mr. Pace was born on November 10, 1903, and that therefore § 402(q) is applicable.

After an initial administrative determination that Mr. Pace was born on November 10, 1903, Mr. Pace requested a reconsideration. Upon reconsideration the initial determination was affirmed. At plaintiff's request, a hearing was then held and the hearing examiner affirmed the initial determination. The Appeals Council denied plaintiff's request for review on October 9, 1968, and accordingly the decision of the hearing examiner became the Secretary's final order. Mr. Pace then commenced this action. After a hearing on June 12, 1969, Judge Grubb of this court, in accordance with Title 42 U.S.C. § 405(g), remanded the case to the Social Security Administration for consideration of additional evidence. Upon remand a supplemental hearing was held, and the hearing examiner again found plaintiff to have been born on November 10, 1903. On review, the Appeals Council affirmed on December 9, 1969, and that decision became the Secretary's final order.

■■■ Both plaintiff and defendant have now moved for summary judgment. In cases such as this, this motion is the proper procedure. Covo v. Gardner, 314 F.Supp. 894, 895 n. 2 (S.D.N.Y.1970). In plaintiff's brief in support of his motion for summary judgment, he includes an affidavit of birth sworn to by an aunt and uncle on March 12, 1970. This evidence has not been previously presented to the Secretary, and this court cannot review evidence not of record before the Secretary. Title 42 U.S.C. § 405(g); Atteberry v. Finch, 424 F.2d 36, 39 (10th Cir. 1970). Plaintiff has not requested that this matter be remanded so that these affidavits may be considered, but in any case this evidence is not of such significance as to justify remanding the matter for good cause pursuant to § 405(g), especially when such a remand would be the second one ordered. Cf. Clow v. Gardner, 270 F.Supp. 231 (E.D.Wis.1967).

■■■ The only issue to be decided in this matter is whether Mr. Pace was born on November 9, 1902 or November 10, 1903. Once the date of birth has been determined, the parties are in agreement as to the consequences. In determining Mr. Pace's date of birth, however, I cannot approach the question *de novo;* rather § 405(g) commands that any finding of fact made below shall be conclusive provided that I find it to be supported by substantial evidence. Waters v. Gardner, 283 F.Supp. 750, 752 (E.D.Wis.1968).

The plaintiff's claim that he was born on November 9, 1902, is supported by the following evidence:

1. A copy of a delayed birth certificate filed on January 14, 1943, allegedly by plaintiff's father, indicating plaintiff's birth date to be November 9, 1902.

2. A copy of a delayed birth certificate of plaintiff's sister, Ester Pace, filed on January 14, 1943, allegedly by plaintiff's father, indicating that she was born on May 16, 1904. (If this were her true date of birth, then only six months would separate her birth from her

attains retirement age, the amount of such benefit for each month shall, subject to the succeeding paragraphs of this subsection, be reduced by—

"(A) ⅚ of 1 percent of such amount if such benefit is an old-age, widow's or widower's insurance benefit, or ²⁵⁄₃₆ of 1 percent of such amount if such benefit is a wife's or husband's insurance benefit, multiplied by

"(B) (i) the number of months in the reduction period for such benefit (de-termined under paragraph (6)), if such benefit is for a month before the month in which such individual attains retirement age, or

"(ii) the number of months in the adjusted reduction period for such benefit (determined under paragraph (7)), if such benefit is for the month in which such individual attains retirement age or for any month thereafter. * * *"

brother's date of birth as found by the defendant.)

3. A copy of a page from a family Bible listing births from 1874 through 1921 and showing that plaintiff was born November *10*, 1902.

Evidence supporting the defendant's determination of November 10, 1903, as the date of birth is as follows: A letter from the United States Department of Commerce setting out that the census records for 1910 taken as of April 15 indicate that plaintiff was then six years of age, and a 1936 application for a social security account number of plaintiff listing his date of birth as November 10, 1903.

The record below further indicates that plaintiff's parents separated when he was young, and that after living with his mother's parents he went to live with his mother and new stepfather. His mother was of the belief that plaintiff was born November 10, 1903, and *prior* to seeing, in 1967, the delayed birth certificate apparently filed by his father in 1943, plaintiff believed his mother to be correct. The family Bible referred to above was in custody of *the second wife* of plaintiff's father. Her statement indicates that plaintiff never lived with her, that the Bible was given to her in 1909, and that sometime thereafter the entry was made *by* "Calvin's older brother, Arthur Pace."

█ In sum, the evidence in the record shows that plaintiff's parents disagreed, no doubt unknowingly, as to the year of their son's birth, and that having been raised by his mother, plaintiff, until recently, naturally enough adopted her recollection. I conclude that the Secretary's finding that plaintiff was born on November 10, 1903, is supported by substantial evidence.

For the foregoing reasons,

It is ordered that plaintiff's motion for summary judgment be and it hereby is denied.

It is further ordered that defendant's motion for summary judgment be and it hereby is granted.

The clerk of court is directed to enter judgment in favor of the defendant and against the plaintiff, dismissing the action.