**Henry G. LAHR, Administrator of the Estate of Peter Lahr, Deceased, Plaintiff-Appellant,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellee.**

No. 71–1721.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 13, 1972.

Decided March 23, 1973.

Donald M. Orstrom, Ervin D. Snyder, Glen Ellyn, Ill., for plaintiff-appellant.

James R. Thompson, U. S. Atty., William T. Huyck, Kenneth R. Siegan, Asst. U. S. Attys., Chicago, Ill., for defendant-appellee.

Before KNOCH, Senior Circuit Judge, and FAIRCHILD and PELL, Circuit Judges.

KNOCH, Senior Circuit Judge.

This matter arises out of the decision of a hearing examiner for the Social Security Administration of the Department of Health, Education and Welfare, denying the claim of plaintiff, Henry G. Lahr, Administrator of the Estate of Peter Lahr, deceased, that old age insurance benefits were due Peter Lahr for the period from September, 1963 through April, 1968. The decision further ordered plaintiff to reimburse the Social Security Administration the sum of $2,940 which had been paid him on behalf of Peter Lahr for the period May, 1961 through August, 1963.

The hearing examiner relied on the facts that Peter Lahr had been placed in a nursing home about 1½ years prior to May 30, 1961, because of his child-like behavior, the result of brain syndrome following an accident. He had been adjudicated incompetent on April 25, 1961. Payment of benefits was made to Henry Lahr who had been appointed conservator. The nursing home was about 150 yards from the lake, access to which was possible at two close locations. On two occasions, Peter Lahr, without notice, had left the home where he had some complaints about his treatment. Because of this potentially dangerous behavior, plaintiff was considering removal of his father to another institution.

On May 30, 1961, at the age of 72 years and in excellent physical condition (as distinguished from mental condition) Peter Lahr disappeared from the home and has not been heard of since. The hearing examiner determined that he died on May 30, 1961, most likely having gone into the lake which was so close at hand.

Meanwhile, the Circuit Court of Cook County, Illinois, determined that the father died on May 30, 1968, presuming death after seven years of unexplained absence.

The Appeals Council, of the Social Security Administration, affirmed the decision of the hearing examiner, as did the District Court, 1971, 328 F.Supp. 996. The District Judge also denied plaintiff's motion to vacate that judgment. Plaintiff contends that the Court was bound by the presumption of death to the extent that it might not examine the evidence apart from that presumption. Plaintiff also contends that there is no substantial evidence in the record to rebut that presumption. Plaintiff's position is that here, as in In re Chicago and N. W. Ry. Co. (Carlson v. Thomson), 7 Cir., 1943, 138 F.2d 753, the appellee had the burden of proving that Peter Lahr died at the time asserted and has failed to sustain that burden by anything other than conjecture or surmise. In *Carlson*, an elderly man, suffering only from a degree of deafness and melancholy because of his wife's death, was last seen leaving a train in an area where there were abandoned mines and

pits. An intensive search failed to disclose any trace of a body that might have been his. Peter Lahr, however, was not mentally competent and the lake does not always give up its dead. It was reasonable for the examiner to conclude that it was extremely unlikely that an individual in Peter Lahr's circumstances would have survived where no sign was found even in a search by the Chicago Police Department.

■ The Secretary's decision with respect to Peter Lahr's benefits must be affirmed if it accords with applicable law and is supported by substantial evidence. See Title 42 U.S.C. § 405(g); Sykes v. Finch, 7 Cir., 1971, 443 F.2d 192, 194 ftn. 2; Kutchman v. Cohen, 7 Cir., 1970, 425 F.2d 20, 23. We may not make our own appraisal of the evidence. Carqueville v. Flemming, 7 Cir., 1959, 263 F.2d 875, 877.

In Gardner v. Wilcox, 9 Cir., 1966, 370 F.2d 492, 494–495, the Court held that it was for the hearing examiner to balance the probabilities and likelihoods of life or death in the light of all the known facts as part of the fact-finding function.

In Tobin v. United States Railroad Retirement Board, 6 Cir., 1961, 286 F.2d 480, on which plaintiff relies, the Court held that the 7-year presumption of death was not conclusive and was not to be rigidly observed without regard to the circumstances, but made specific reference to the absence of any apparent peril or danger and the strong motives for Mr. Tobin's possible desire to escape from the institution in which he was confined and the daughter who had caused his confinement there. Mr. Tobin was described as able-bodied, strong and husky, physically very powerful for his age and in possession of money and identification.

Since *Tobin* the Railroad Retirement Act, Title 45 U.S.C. § 228c(g), has been amended to provide that no annuity shall accrue to an annuitant who disappears until he is shown to have been alive for the period in question.

■ There was evidence that Peter Lahr had previously placed himself in a dangerous position by walking down the middle of the busy thoroughfare on which the home was situated. The proximity of the lake, Peter Lahr's mental incompetence, his inability to take care of his daily needs, his failing memory, his frequent irrationality, support the finding that he did not survive the day he disappeared.

■ In any case, plaintiff argues that § 204(b) of the Social Security Act [Title 42 U.S.C. § 404(b)] bars recovery of payments made as he is a person who is without fault and recovery would defeat the purpose of the Act or be against equity or good conscience. Plaintiff disagrees with the hearing examiner that he knew or should have known that the payments were incorrectly made. He states that the payments were expended for ordinary and necessary expenses to cover the costs of the conservatorship, attorneys' fees, insurance premiums and bank charges, which he characterizes as a necessary part of managing any incompetent's estate. Having no evidence of death, plaintiff asserts that he was obliged to pay insurance and bond premiums and attorneys' fees up to the expiration of the 7-year period. Plaintiff at no time notified the Social Security Administration of his father's disappearance. He ought to have known that this was material information which should not be withheld. The inequities to which the statute refers would be those suffered by Peter Lahr, should he be deprived, for example, of income for current living expenses.

■ Title 42 U.S.C. § 404(a)(1) does not specify the payment of interest on the amount overpaid. Even if an award of interest would be authorized, on the amount overpaid or the judgment as here affirmed, we do not consider such allowance equitable and appropriate under the circumstances of this case.

Affirmed.