**Ben DAY, Plaintiff,**

v.

**David MATHEWS, Secretary of Health, Education and Welfare, Defendant.**

**No. 75 C 1124.**

United States District Court, N. D. Illinois, E. D.

Dec. 5, 1975.

Health, Education and Welfare that the plaintiff, Ben Day, was born on February 18, 1910, rather than on November 18, 1909, as he contends. 42 U.S.C. § 405(g) (Supp.1974). The Secretary has moved for summary judgment, and that motion is ready for decision.

On October 2, 1972, the plaintiff filed an application for retirement insurance benefits, in which he claimed that his date of birth was November 18, 1909. The Social Security Administration determined that he was born on February 18, 1910. This decision was affirmed on reconsideration. Similarly, an administrative law judge concluded, after a hearing on August 7, 1974, that the plaintiff's date of birth was February 18, 1910. This decision was affirmed by the Appeals Council of the Bureau of Hearings and Appeals. The consequence of the Secretary's determination is that the plaintiff is not entitled to receive the highest amount payable based on his earnings record.

The only question presented for review is whether, based on the record as a whole, the decision of the Secretary is supported by substantial evidence. *Jeralds v. Richardson,* 445 F.2d 36 (7th Cir. 1971). "The factual findings are supported by substantial evidence if the record as a whole contains relevant evidence that a reasonable mind might accept as adequate to support the conclusion. *Moon v. Celebrezze,* 340 F.2d 926 (7th Cir. 1965)." *Lahr v. Richardson,* 328 F.Supp. 996, 997 (N.D.Ill.1971), *aff'd,* 476 F.2d 1088 (7th Cir. 1973).

Robert A. Weisman, Chicago, Ill., for plaintiff.

Samuel K. Skinner, U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM ORDER

MARSHALL, District Judge.

This is an action to review a decision of the Secretary of the Department of

In addition to the administrative record submitted by the defendant, the plaintiff submitted three affidavits supporting November 18, 1909 as his birth date. These affidavits were not before the Secretary at any time and cannot, therefore be considered in this action.

*Atteberry v. Finch,* 424 F.2d 36, 39 (10th Cir. 1970); *Pace v. Secretary of HEW,* 331 F.Supp. 609 (E.D.Wis.1971).

A review of the administrative record reveals the following conflicting evidence on the plaintiff's date of birth:

| ITEM | DATE RECORDED | DATE OF BIRTH INDICATED |
|------|---------------|-------------------------|
| Census Record | 1910 | 2 months old on 4/15/10 |
| Census Record | 1920 | 8 years old on 1/1/20 |
| Application for Social Security Account Number | 12/11/36 | 11/18/09 |
| Military Discharge | 11/ 8/45 | 11/18/10 |
| Application for new Social Security Card | 1957 | 11/18/10 |
| Driver's License | 11/10/70 | 11/18/10 |
| School Record | 1915–1916 Age 5 | 11/18/09 or 2/18/10 |
| School Record | 1925 Age 15 | 11/18/09 2/18/10 |
| Application for Social Security Benefits | 11/18/72 | 11/18/09 |
| Delayed Birth Certificate | 2/19/74 | 11/18/09 |

To aid in resolving conflicting evidence on date of birth questions, the Social Security Administration promulgated Administrative Regulation No. 4, 20 C.F.R. § 404.703 (1975):

§ 404.703   Evidence as to age

(a) *When required.* An applicant for benefits under title II of the Act shall file supporting evidence showing the date of his birth if his age is a condition of entitlement or is otherwise relevant to the payment of benefits pursuant to such title II. Such evidence may also be required by the Administration as to the age of any other individual when such other individual's age is relevant to the determination of the applicant's entitlement.

(b) *Type of evidence to be submitted.* Where an individual is required to submit evidence of date of birth as indicated in paragraph (a) of this section, he shall submit a public record of birth or a church record of birth or baptism established or recorded before his fifth birthday, if available. Where no such document recorded or established before age 5 is available, the individual shall submit as evidence of age another document or documents which may serve as the basis for a determination of the individual's date of birth provided such evidence is corroborated by other evidence or by information in the records of the Administration.

(c) *Evaluation of evidence.* Generally, the highest probative value will be accorded to a public record of birth or a church record of birth or baptism established or recorded before age 5.

Where such record is not available, and other documents are submitted as evidence of age, in determining their probative value, consideration will be given to when such other documents were established or recorded, and the circumstances attending their establishment or recordation. Among the documents which may be submitted for such purpose are: school record, census record, bible or other family record, church record of baptism or confirmation in youth or early adult life, insurance policy, marriage record, employment record, labor union record, fraternal organization record, military record, voting record, vaccination record, delayed birth certificate, birth certificate of child applicant, physician's or midwife's record of birth, immigration record, naturalization record, or passport.

■ Consistent with these regulations, the Secretary relied most heavily on the 1910 census, which is the only public document recorded before the plaintiff reached the age of 5. The report indicates that on April 15, 1910, the plaintiff was two months old. Based on this report, the Secretary concluded the plaintiff's date of birth was February 18, 1910. The Secretary's reliance on the early census report is rational and it is supported by the case law. *See Griffin v. Weinberger,* 492 F.2d 969 (5th Cir. 1974); *Pace v. Secretary of Health, Education and Welfare, supra.* It is the earliest recorded document and was taken so close to the plaintiff's date of birth that its credibility is not suspect. This is not to say that all the evidence submitted unequivocally supports the Secretary's finding, for clearly it does not. Nevertheless, based on the record as a whole, a reasonable mind could conclude that the plaintiff was born on February 18, 1910.

■ The Secretary's finding is supported by substantial evidence based on the record as a whole. The defendant's motion for summary judgment is granted and final judgment will enter on behalf of the defendant and against the plaintiff.