**Judith Horst COHN, on behalf of Her Infant Daughters, Susan F. and Helene R. Cohn, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

Civ. No. 79–0–11.

United States District Court,
D. Nebraska.

Aug. 15, 1979.

John R. Holdenried, Omaha, Neb., for plaintiff.

Paul W. Madgett, Asst. U. S. Atty., District of Nebraska, Omaha, Neb., for defendant.

## MEMORANDUM

DENNEY, District Judge.

This proceeding originated under Title II of the Social Security Act, as amended, 42 U.S.C.A. § 401 *et seq.* The action arose under § 405(g), which provides for judicial review of any final decision by the Secretary of Health, Education and Welfare.

On August 25, 1970, the plaintiff filed an application for childs' insurance benefits on behalf of her two minor children, based on the disappearance and presumed death of Sherwin P. Horst, plaintiff's husband and father of the children. The application was denied initially and on reconsideration by the Social Security Administration. On June 4, 1976, plaintiff filed a second application for child's insurance benefits, which was also denied.

At plaintiff's request, a hearing was held on April 12, 1977, at which she appeared and testified. Plaintiff was represented by counsel at the hearing. On April 22, 1977, the administrative law judge rendered a decision unfavorable to plaintiff, finding that the presumption of death of the wage earner was rebutted by his pre-disappearance conduct. This decision was, in turn, approved by the Appeals Council of the Social Security Administration on August 21, 1978.

Plaintiff then sought judicial review in this Court pursuant to § 405(g). On May 24, 1978, this Court found that plaintiff was entitled to the benefit of the presumption of death as provided in § 404.705 of Regulation No. 4 of the Social Security Administration. 20 C.F.R. § 404.705 (1978). The Court remanded the case to the Secretary for further proceedings to determine whether eligibility requirements, including date of death and dependency, were met.

Pursuant to the Court's order, the Appeals Council vacated its denial of the plaintiff's request for review of the hearing decision. However, prior to making its decision, the Appeals Council, on August 10, 1978, asked plaintiff if she wished to submit any additional evidence. In a letter dated August 10, 1978, plaintiff's counsel stated that plaintiff had no further evidence or comments to submit. Thereafter, on December 19, 1978, the Appeals Council, after considering all of the evidence which was before the administrative law judge, including the testimony at the hearing, rendered its decision. The Appeals Council found that:

1. The date of the wage earner's death is presumed to be May 19, 1976, seven years after his disappearance.

2. Susan F. and Helene R. Cohn were adopted by their stepfather on January 18, 1972.

3. Susan F. and Helene R. Cohn are the children of the wage earner as provided in section 216(h)(2)(A) of the Social Security Act, as amended.

4. Susan F. and Helene R. Cohn were not dependent upon the wage earner as of May 19, 1976, as required in section 202(d)(1)(C)(ii) of the Act.

5. Susan F. and Helen R. Cohn are not entitled to surviving child's insurance benefits.

[Tr. 114–15].

Under § 405(g), the decision of the Secretary is conclusive if supported by substantial evidence. *See Timmerman v. Weinberger,* 510 F.2d 439, 441 (8th Cir. 1975). Substantial evidence is defined as "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). As the Court previously noted, the Secretary determined that the date of the wage earner's death was presumed to be May 19, 1976, seven years after his disappearance, and that Susan F. and Helene R. Cohn were not dependent upon him on that date, as required under § 202(d)(1)(C)(ii) of the Act; therefore, the sole issue before this Court is whether there is substantial evidence to support that decision.

Under 20 C.F.R. § 404.705(a) a presumption of death is created after an unexplained absence of seven years. Section 404.705(a) provides that

> Whenever it is necessary to determine the death of an individual in order to determine the right of another to a monthly benefit or a lump-sum death payment under section 202 of the [Social Security] Act, and such individual has been unexplainedly absent from his residence and unheard of for a period of seven years, the Administration, upon satisfactory establishment of such facts and in the absence of any evidence to the contrary, will presume that such individual has died.

This Court, in its memorandum of May 24, 1978, found that the presumption of death provided for in this section applied to the wage earner, the plaintiff's husband. The Court proceeded to remand the case for a determination of the wage earner's date of death and the dependency of the claimants. *Cohn v. Califano*, CV 77–0–328 (D.Neb., May 24, 1978). However, § 404.705, the provision applicable at the time of the original submission of this action to the Court, did not contain any specific language relative to the determination of the time of death.

Then, effective June 7, 1978, amendments were made to these regulations. The amendments added a provision relative to the determination of the time of death. This provision states in pertinent part that

> If there is no evidence available that he or she is still alive, we will use as the person's date of death either the date he

or she left home, the date ending the 7 year period, or some other date, depending upon what the evidence shows is the most likely date of death.

20 C.F.R. § 404.721.

Plaintiff contends that the wage earner's date of death under either § 404.705 or § 404.721, must be May 19, 1969, the date of the wage earner's disappearance. Throughout her argument, plaintiff interjects the application of the presumption of death into the process of determining the date of death. Plaintiff asserts that "it is factually inconceivable that the Secretary can fail to rebut the presumption of death yet find a 'plethora of evidence' that Mr. Horst deliberately disappeared."

However, the determination of date of death is an independent finding of fact to be made if the person has been presumed dead. In *Nigro v. Hobby*, 120 F.Supp. 16 (D.Neb.1954), this Court wrote:

> The presumption of death arising upon proof that a person has been unexplainedly absent from his residence and unheard of for seven years, 20 C.F.R. (1949 Ed.) 404, is, by the weight of authority a presumption of death alone and not a presumption as to the time of death. IX Wigmore on Evidence (3d Ed.), Sec. 2531a, p. 469, note 2.

*Nigro v. Hobby, supra*, 120 F.Supp. at 19. The case of *Sullivan v. Weinberger*, No. 74–167 (W.D.N.C., March 31, 1975), also illustrates that the application of the presumption of death is clearly separate from the issue of determining date of death. Each determination as to date of death must rest on an evaluation of the particular facts and circumstances involved with the burden upon the party interested in establishing the approximate date of death. *See, e. g., Sullivan v. Weinberger, supra; Lahr v. Richardson*, 328 F.Supp. 996, (N.D.Ill. 1971), *aff'd*, 476 F.2d 1088 (7th Cir. 1973); *Nigro v. Hobby, supra*.

The general statements of other courts which have faced this same issue, although in a different context, clearly support the above observations of this Court. In *Davie v. Briggs*, 97 U.S. 628, 24 L.Ed. 1086 (1878), the Supreme Court, in an early case, wrote:

Mr. Taylor, in the first volume of his Treatise on the Law of Evidence (sect. 157), says, that "although a person who has not been heard of for seven years is presumed to be dead, the law raises no presumption as to the time of his death; and, therefore, if any one has to establish the precise period during those seven years at which such person died, he must do so by evidence, and can neither rely, on the one hand, on the presumption of death, nor, on the other, upon the presumption of the continuance of life." *Davie v. Briggs, supra,* 97 U.S. at 634.[1] Similarly, the Eighth Circuit in the case of *Browne v. New York Life Ins. Co.,* 57 F.2d 62 (8th Cir. 1932), wrote:

The evidence in the instant case is clearly sufficient to give rise to the presumption of death of the insured. To entitle plaintiff to recover, however, it was incumbent upon him to prove that death occurred during the life of the policy, and he has alleged that it occurred on or about the 15th of May, 1921. The presumption is not a presumption of the time of death. That must be determined by the facts and circumstances in the case.

*Browne v. New York Life Ins. Co., supra,* 57 F.2d at 64; *see also Claywell v. Inter-*

*Southern Life Ins. Co.,* 70 F.2d 569, 570 (8th Cir. 1934).

In this case, the Appeals Council made findings of fact which are substantially as follows: Mr. Horst disappeared on May 19, 1969, and has not been heard from since that date. He had no known health problems that would have caused his immediate death. There was also no suggestion that he was in any imminent physical danger from an outside source.

The police report which was drawn up after Mr. Horst's car was located indicated that there was no evidence of foul play. There was no indication of violence about his car, no body was ever found, and there were no witnesses to any violent or potentially violent crime involving Mr. Horst.

Despite the plaintiff's suggestion to the contrary, there was some marital discord. Mr. Horst was having an affair and owed money to many creditors. The Appeals Council was of the view that the plaintiff's filing for a divorce indicated that she did not believe the marriage was a happy one and that she had doubts as to whether her husband was actually dead.

In addition, Mr. Horst had suffered large gambling losses. Apparently, before he dis-

---

**1.** The Court notes that more recently various courts construing the *Davie* opinion have come to the conclusion that where death is presumed due to a continued and unexplained absence, in the absence of evidence to the contrary, the presumption of life runs for the entire seven year period and it is presumed that death did not occur until the end of the period. *Acosta v. United States,* 320 F.2d 382, 384–85, 162 Ct.Cl. 631 (1963); *Tobin v. United States R.R. Retirement Bd.,* 286 F.2d 480, 483 (6th Cir. 1961). In *Tobin,* the court stated as follows:

While in *Davie v. Briggs, supra,* and two cases there cited (*Spencer v. Moore,* 11 Ired. 160, 33 N.C. 160; *Spencer v. Roper,* 13 Ired. 333, 35 N.C. 333), it is stated that no presumption arises as to the time of death, they leave the inference that it must be at the end of seven years, since evidence is required to establish that death occurred earlier than that.

The trend of the American cases, both federal and state, is toward the conclusion that, if there is no evidence to show that death occurred earlier, it is presumed not to have occurred until the end of the seven years.

*Tobin v. United States R.R. Retirement Bd., supra,* 286 F.2d at 483.

While it is true that these courts did not deal with claims under the Social Security Act, it would seem that these general observations with respect to the issue of determining the approximate date of a presumed death would be helpful in cases such as this where the determination is necessarily based on scant evidence and reasonable inferences therefrom. By applying the same general standard in all such cases, inconsistent and varied results stemming from dissimilar rules of presumption are avoided.

Moreover, the Court notes that in *Nigro v. Hobby, supra,* a social security case, Judge Donohoe of this Court intimated that "there may be a presumption that the life of an absentee continues for seven years . . . ." *Nigro v. Hobby, supra,* 120 F.Supp. at 19. Of course, the presumption is not conclusive, and either party is free to prove an earlier time of death, *see Acosta v. United States, supra,* 320 F.2d at 385, as was the case in *Nigro.*

appeared, he had obtained $8000.00 from his mother for purported gambling purposes.

Aside from this $8000.00, Mr. Horst obtained other sums of money. On the day of his disappearance he had obtained at least $350.00 in cash. More importantly, subsequent to his disappearance, an audit of his business account indicated that he misappropriated $20,000.00 in company funds.

On the other hand, the plaintiff, in support of her position, points to other evidence: Apparently, Mr. Horst had a close relationship with his mother and two children. While he was having an affair, he never contacted his mistress after he had disappeared.

Although Mr. Horst was not a wealthy man, he had recently purchased a new home and photography equipment. He left all of his personal belongings behind. On the morning of his disappearance, Mr. Horst made a business call from the worst part of Chicago. His abandoned car was found by a lagoon in a rundown area of Chicago. The lagoon was never dragged. In his car was a roll of film containing pictures he had taken of a wedding the day before. His briefcase, which contained instructions for operating a 22-caliber gun, was also left in the car. A newspaper reported that the briefcase "was apparently rifled."

After considering all of the evidence, the Appeals Council inferred that Mr. Horst had disappeared in order to avoid arrest, subsequent criminal prosecution and imprisonment. The Appeals Council also was of the opinion that this evidence explained why he had left his personal belongings behind and did not tell anyone of his plans or whereabouts. To the Appeals Council, it was logical to assume from these actions that Mr. Horst did not want to risk having his movements traced, resulting in his subsequent detection.

The Court has carefully examined the record and finds that the Secretary's decision that the date of Mr. Horst's death is presumed to be May 19, 1976, is supported by substantial evidence. It is well established law that it is the function of the Secretary and not the Court to weigh the evidence, resolve the conflicts and to determine the case accordingly. *See Jenny v. Califano,* 459 F.Supp. 170, 172–73 (D.Neb. 1978); *Poore v. Mathews,* 419 F.Supp. 142, 145 (D.Neb.1976). Moreover, this statutory restriction on the judicial review of this Court applies equally to inferences reasonably drawn from the facts. The Secretary's finding must be upheld if it is supported by inferences which can be properly drawn from the evidence. *Celebrezze v. Bolas,* 316 F.2d 498, 500–01 (8th Cir. 1963).

The presumption of death is regarded as a procedural expedient and arises from the fact that a person has neither been seen nor heard from for seven years. Jones on Evidence § 3.2, at 126 n. 3 (6th ed. 1972) [hereinafter cited as Jones]. "A presumption may be defined to be an inference *required* by a rule of law to be drawn as to the existence of one fact from the existence of some other established fact or combination of facts." Jones, *supra,* § 3:1, at 125.

Accordingly, since the plaintiff showed that her husband had disappeared and had not been seen nor heard from in seven years, the Secretary was *required* to draw the inference that Mr. Horst was dead, in accordance with § 404.705. The Court notes, however, that it has been stated that where a presumption is based on expediency, there is "little relationship between the probative value of the established facts to support the fact assumed." Jones, *supra,* § 3:1, at 126. Nevertheless, the Court at the outset believed that the plaintiff on the basis of what little evidence she had produced, was entitled to the presumption.

This evidence, however, as the Secretary found, did not establish the time of death. As the Court noted earlier, the presumption of death has no reference to the determination of the time of death. This determination is a separate, independent finding to be made if the person has been presumed dead. The plaintiff does not have the benefit of any presumption. Instead, the plaintiff assumes the usual and necessary burden of presenting evidence of a material fact— that fact being the time of death. *See Davie v. Briggs, supra,* 97 U.S. at 634.

In this case, the Secretary found that the plaintiff had presented insufficient evidence to carry her burden of proof as to her husband's time of death. This Court agrees. The reasonable inferences drawn by the Secretary from the facts were supported by substantial evidence. Clearly, there was no evidence that Mr. Horst, within the seven years, encountered some specific peril, or came within the range of some impending or immediate danger, that might reasonably be expected to destroy life before the expiration of the seven years. Rather, the sole evidence was that Mr. Horst had disappeared and had not been seen nor heard from since the date of his disappearance.[2]

Finally, since the two children were adopted by their stepfather *prior* to the presumed date of death of the wage earner, it is clear that the Secretary's decision that the children were not dependent on the wage earner as of May 19, 1976, is also supported by substantial evidence, and the plaintiff is not entitled to receive child's insurance benefits on behalf of her children.

2. In light of the discussions in *Acosta* and *Tobin*, it would seem proper for the Secretary in this case to apply the presumption that life continued for the seven year period and death did not occur until the end of such period. *See also Bowman v. Redding & Co.*, 145 U.S.App. D.C. 294, 299, 449 F.2d 956, 961 (D.C.Cir.1971), ("where the time of death is uncertain, there is a presumption of continuance of life"). As the court in *Acosta* wrote: "[I]n the absence or insufficiency of . . . proof the fact-finding tribunal should determine that the individual died at the close of the period." *Acosta v. United States, supra*, 320 F.2d at 385.