785 F.2d 309
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ADDIE BURNS MARSHALL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-5241
 United States Court of Appeals, Sixth Circuit.
 1/30/86
 
 BEFORE: ENGEL, MILBURN and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this action brought under the Social Security Act, 42 U.S.C. Sec. 405(g), plaintiff challenges the decision of the Administrative Law Judge ('ALJ') that plaintiff is not entitled to recover retirement insurance benefits due her deceased husband for the period of time between his disappearance on August 5, 1971, and August 5, 1978, the date a presumption of death arose. Because we find substantial evidence to support the ALJ's factual findings and no reversible errors of law in his decision, we affirm.
 
 I.
 
 2
 The ALJ found the following subsidiary facts, which are not in dispute.
 
 
 3
 Plaintiff's husband, wage earner Newton J. Marshall, filed an application for retirement insurance benefits on January 5, 1966, and received benefits retroactive from July, 1965. Thereafter, at the age of 75, Mr. Marshall disappeared on the night of August 5, 1971, without notice, and his disappearance was never explained or justified.
 
 
 4
 At the hearing before the ALJ, plaintiff testified that on the date of her husband's disappearance, he had stayed home wearing his cost and hat and complaining that he was cold although it was warm that day. At approximately 10:30 that evening plaintiff retired expecting her husband to come to bed later. However, plaintiff discovered the following morning that her husband had not remained in the house and was not in the immediate area. Despite an exhaustive search, no evidence of Mr. Marshall's whereabouts was disclosed, and he remained missing. Following a seven-year absence, Mr. Marshall was declared legally dead by order of the Chancery Court of Shelby County, Tennessee, on September 18, 1979.
 
 
 5
 The wage earner's niece, Freddie Burnett, stated in an affidavit filed in Chancery Court that before he disappeared, Mr. Marshall would frequently visit her home. However, Mr Marshall's 'mind began to go bad,' and he would fail to recognize his niece as he walked the street upon which she lived in relative close proximity to his residence. Burnett stated that plaintiff and her husband 'got along real good,' and that Mr. Marshall had no reason to disappear. She further stated that neither she nor her siblings had heard from Mr. Marshall since his disappearance, and that she would have expected her friends, who live in the Marshalls' neighborhood, to inform her if they saw him.
 
 
 6
 The record also contains affidavits of Lizzie Parker and Katie Raiford, Mr. Marshall's aunts, who stated that since his disappearance he had not contacted either of them or his other aunt, Sophie Gentry. Parker and Raiford further stated that if Mr. Marshall were alive he would contact them, and that he had no reason to disappear.
 
 
 7
 The guardian ad litem stated in his report to the Chancery Court that Mr. Marshall had developed certain mental incapacities due to age. These were generally associated with senility, and due to his mental incapacity, Mr. Marshall may have been unable to care for himself or defend himself if placed in a perilous situation.
 
 
 8
 On September 27, 1979, plaintiff filed an application for benefits due her husband from the date of his disappearance until the date on which he was declared legally dead. Following administrative denials of the application, a denial by the ALJ, the Appeals Council's refusal to review the ALJ's decision, and the district court's affirmance, plaintiff appealed to this court.
 
 The ALJ determined
 
 9
 The ALJ determined the applicable law to be as follows: where the fact of death is established through an unexplained absence for a period of seven years, in order to show the date of death to be earlier than the expiration of the seven-year period, it is incumbent upon the party seeking to demonstrate this fact to present clear and substantial evidence, even if circumstantial, that there is some explanation for the individual's demise. This statement of the law is consistent with this court's observation in 1961 that:
 
 
 10
 The trend of the American cases, both federal and state, is toward the conclusion that, if there is no evidence to show that death occurred earlier, it is presumed not to have occurred until the end of the seven years.
 
 
 11
 Tobin v. United States Railroad Retirement Board, 286 F.2d 480, 483 (6th Cir. 1961).
 
 
 12
 Plaintiff appears to agree that this is a correct statement of the law. Her argument is that the ALJ erred in holding that 'it is probable to assume that the wage earner died on the date of his disappearance August 5, 1971, and not August 5, 1978, seven years hence . . ..'
 
 
 13
 Before discussing the evidence, we observe that there is a dispute as to who has the ultimate burden of proof in this case. The Secretary argues the burden rests on plaintiff because the burden of proving entitlement to Social Security benefits rests upon the person seeking those benefits. Ragan v. Finch, 435 F.2d 239 (6th Cir. 1970), cert. denied, 402 U.S. 986 (1971). We disagree because this case is properly viewed as a cessation of benefits case. To paraphrase Tobin, supra:
 
 
 14
 The [wage earner] had established his right to his [benefits in 1966]. So far as the facts of this case are concerned, nothing but proof of death could have justified the [Secretary] in terminating the [benefits].
 
 
 15
 286 F.2d at 483. See also 42 U.S.C. Sec. 402(a) (benefits continue until 'the month preceding the month in which [the individual] dies').
 
 
 16
 In our view, however, substantial evidence exists both to rebut the presumption that the wage earner survived the seven years following his disappearance as well as to support the ALJ's determination that it is more probable he died on the date of his disappearance. The facts as previously related lend themselves to an inference that Mr. Marshall failed to survive the date of his disappearance and lead to the inescapable conclusion that he failed to survive seven years thereafter. In particular, we note that Mr. Marshall had no apparent motivation to leave home, had no valuables on his person and was in a poor position to generate income. See Tobin, supra, 286 F.2d at 482 (if a person had no reason to leave home and every reason to remain at home, death might be inferred from his disappearance). Furthermore, he apparently suffered from a mental incapacity that interfered with his ability to find his way through the streets of his neighborhood, a high crime area. Moreover, Mr. Marshall never contacted those persons with whom it would communicate were he would communicate were he alive. Under these circumstances and the record as a whole, substantial evidence exists to support the ALJ's determination. Compare Lahr v. Richardson, 476 F.2d 1088 (7th Cir. 1973) with Tobin, supra.
 
 III.
 
 17
 Accordingly, the decision of the district court is AFFIRMED.